## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**AARON HANSEN and** )
)
**JESSICA HANSEN,** )
)
)
**Plaintiffs,** )
)
**v.** )    Civil Action No.: _____
)
**COUNTRYWIDE HOME LOANS, INC.,** )
**Resident agent:** )
**Corporate Service Company** )
**1090 Vermont Avenue, N.W.** )
**Washington, D.C.  20005** )
)
)
**Defendant.** )

## <u>NOTICE OF REMOVAL BY DEFENDANT</u>

Defendant, Countrywide Home Loans, Inc. ("Countrywide"), by counsel, pursuant to 28

U.S.C. §§ 1441 and 1446, hereby gives notice to this Court, the Clerk of the Superior Court of

the District of Columbia, and plaintiffs Aaron Hansen and Jessica Hansen ("Plaintiffs"), of the

removal of that certain cause of action commenced in the Superior Court of the District of

Columbia styled *Aaron Hansen and Jessica Hansen v. Countrywide Home Loans, Inc. c/o Corp.*

*Serv. Co.,* Civil Action No. 0003645-07 (the "State Court Action").  The grounds for removal are

as follows:

1.    The State Court Action was commenced on May 29, 2007, by Plaintiffs' filing a

Complaint in the Civil Clerk's Office of the Superior Court of the District of Columbia.  Copies

of the Complaint were served on Countrywide's registered agent on May 31, 2007.  Accordingly,

this Notice of Removal is timely filed within 30 days of the receipt of process by Countrywide.

2.      The State Court Action is a controversy between citizens of different states.  Upon information and belief, Plaintiffs are citizens of the District of Columbia and were so at the time the State Court Action was commenced.  Defendant Countrywide is, and was at the time the State Court Action commenced, a corporation organized under the laws of New York, with its principal place of business located in Calabasas, California.

3.      Plaintiffs allege a matter in controversy in the State Court Action that exceeds the sum or value of $75,000, exclusive of interest and costs.

4.      As alleged in the Complaint, the State Court Action is therefore an action over which the District Courts of the United States have original jurisdiction pursuant to 28 U.S.C. § 1332(a) and is properly removable, pursuant to 28 U.S.C. § 1441(a), to the District Court of the United States embracing the place where such action is pending.

5.      The United States District Court for the District of Columbia embraces the place where the State Court Action is now pending.

6.      Copies of all process, pleadings and orders served on Countrywide are attached hereto as Attachment 1 and by reference made a part of this Notice of Removal.

7.      Countrywide will provide written notice of the filing of this Notice of Removal to plaintiff promptly after filing the same, as required by 28 U.S.C. § 1446(d).

8.      Countrywide will file a true and correct copy of this Notice of Removal with the Civil Clerk of the Superior Court of the District of Columbia, as required by 28 U.S.C. § 1446(d).

9.      This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Countrywide respectfully prays that the entire action be removed from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia, as provided by law.

Dated:  June 20, 2007.

COUNTRYWIDE HOME LOANS, INC.

By: _____
                    Counsel

Mark B. Bierbower (D.C. Bar #320861)
Dianne M. Keppler (D.C. Bar #468580)
HUNTON & WILLIAMS, LLP
1900 K Street, N.W.
Washington, D.C.  20006-1109
(202) 955-1500
(202) 778-2201 (fax)

*Counsel for Defendant Countrywide Home Loans, Inc.*

## CERTIFICATE OF SERVICE

I certify that on June 20, 2007, a copy of the foregoing **NOTICE OF REMOVAL BY**

**DEFENDANT** was served via first class mail and electronic mail upon the following:

Scott H. Rome
Andrew J. Kline
LAW OFFICES OF ANDREW J. KLINE
1225 19th Street, N.W.,
Washington, D.C.  20036

*Counsel for Plaintiffs*

# ATTACHMENT 1



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

AARON HANSEN
    Vs.                                          C.A. No.      2007 CA 003645 R(RP)
COUNTRYWIDE HOME LOANS, INC. C/O CORP. SERV. CO.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge MARY A TERRELL
Date:   May 29, 2007
Initial Conference: 9:15 am, Friday, August 31, 2007
Location:   Courtroom 219
              500 Indiana Avenue N.W.
              WASHINGTON, DC  20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

Aaron Hansen and Jessica Hansen

*Plaintiff*

0003645-07

vs.

Civil Action No. _____

Countrywide Home Loans, Inc.
c/o Corporation Service Company
1090 Vermont Ave., NW     *Defendant*
Washington, DC 20005

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Andrew J. Kline [358547]
Scott H. Rome [476677]
Name of Plaintiff's Attorney

1225 19th St., NW, Suite 320
Address
Washington, DC 20036

202-686-7600
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date _____

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME*.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (624-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

**AARON HANSEN**
  c/o Law Offices of Andrew J. Kline
  1225 19th Street, NW,
  Washington, DC 20036

**JESSICA HANSEN**
  c/o Law Offices of Andrew J. Kline
  1225 19th Street, NW,
  Washington, DC 20036

Civil Action No. ___0003645-07___ (RP)

        **Plaintiffs,**

              v.

**COUNTRYWIDE HOME LOANS, INC.**
  serve resident agent:
  Corporation Service Company
  1090 Vermont Ave., N.W.
  Washington, DC 20005

> **RECEIVED**
> Civil Clerk's Office
> **MAY 2 9 2007**
> Superior Court of the
> District of Columbia
> Washington, D.C.

        **Defendants.**

**COMPLAINT**

**JURISDICTION AND PARTIES**

   1.    This Court has jurisdiction of this matter pursuant to the provisions of D.C. Code §11-921.l.

   2.    This Court has jurisdiction over Defendant, Countrywide Home Loans, Inc., pursuant to D.C. Code §13-423(a)(1).

   3.    Plaintiff, Aaron Hansen, is an individual residing in the District of Columbia.

   4.    Plaintiff, Jessica Hansen, is an individual residing in the District of Columbia.

   5.    Defendant Countrywide Home Loans, Inc is a corporation formed under the laws of the State of New York.

## FACTS

6.    Plaintiffs incorporate by this reference the allegations set forth in the paragraphs above.

7.    This Complaint arises out of a Regional Sales Contract dated February 2, 2007 (hereinafter the "Sales Contract"), between Plaintiffs Aaron and Jessica Hansen as the Purchasers (collectively the "Hansens") and Countrywide Home Loans, Inc. ("Countrywide") as the Seller, for property located at 521 Quintana Place, NW Washington, DC 20011 (hereinafter the "Property").

8.    The Hansens executed the Sales Contract on February 21, 2007.

9.    The Seller executed the Sales Contract on February 28, 2007.

10.    Representatives of Countrywide represented throughout the contract negotiations, and in the Sales Contract, that Countrywide was the owner of the Property and authorized to sell the Property.

11.    Pursuant to paragraph 20 of the Real Estate Purchase Addendum (the "Addendum"), which was executed simultaneously with, and made a part of the Sales Contract, and pursuant to paragraph 20 of the Sales Contract, the Seller agreed to deliver possession of the Property to the Buyer at closing and at funding of the sale.

12.    Pursuant to section 24 of the Sales Contract: "In any action or proceeding involving a dispute between Purchaser and Seller arising out of this Contract, the prevailing party will be entitled to receive from the other party reasonable attorney's fees to be determined by the court or arbitrator(s)."

13.    Upon information and belief, Countrywide, however, is not and was not the owner of the Property, and despite contracting to sell the Property, never had the ability to convey the Property to the Hansens.

2

14. The closing on the Property never occurred because, upon information and belief, Countrywide did not have title to the Property.

15. Countrywide, through its agents and attorneys, knew, or should have known that it did not have title to the Property at the time it entered into the Sales Contract with the Hansens.

16. In violation of the Sales Contract and the attached Addendum (hereinafter collectively referred to as the "Sales Contract"), Countrywide did not deliver possession of the Property to the Hansens.

17. Only after entering into the Sales Contract, terminating their present lease, expending large sums in order to obtain the Property, and paying a deposit of Seven Thousand Dollars ($7,000.00), were Plaintiffs informed that Countrywide was not the owner of the Property.

18. Despite Seller's failure to deliver possession, ownership, or title to the Property, Seller has failed to return the deposit to the Hansens.

19. The Addendum to the Sales Contract, states in Section 1 that:

"NOTWITHSTANDING ANY PROVISION TO THE CONTRARY IN THE AGREEMENT, SELLER'S LIABILITY AND BUYER'S SOLE AND EXCLUSIVE REMEDY IN ALL CIRCUMSTANCES AND FOR ALL CLAIMS . . . ARISING OUT OF OR RELATING IN ANY WAY TO THE AGREEMENT OR THE SALE OF THE PROPERTY TO BUYER INCLUDING, BUT NOT LIMITED TO, SELLER'S BREACH OR TERMINATION OF THE AGREEMENT, THE CONDITION OF THE PROPERTY, SELLER'S TITLE TO THE PROPERTY, THE OCCUPANCY STATUS OF THE PROPERTY, SIZE, SQUARE FOOTAGE, BOUNDARIES, OR LOCATION OF THE PROPERTY, ANY COST OR EXPENSE INCURRED BY BUYER IN SELLING A CURRENT OR PRIOR RESIDENCE OR TERMINATING A LEASE ON A CURRENT OR PRIOR RESIDENCE, OBTAINING OTHER LIVING ACCOMMODATIONS, MOVING, STORAGE OR RELOCATION EXPENSES, OR ANY OTHER COSTS OR EXPENSES INCURRED BY BUYER IN CONNECTION WITH THE AGREEMENT SHALL BE LIMITED TO NO MORE THAN:
(A) A RETURN OF BUYER'S EARNEST MONEY DEPOSIT IF THE SALE TO BUYER DOES NOT CLOSE; AND
(B) THE LESSER OF BUYER'S ACTUAL DAMAGES OR $5,000.00 IF THE SALE TO BUYER CLOSES.

20. The Addendum also states that:

3

BUYER AGREES THAT SELLER SHALL NOT BE LIABLE TO BUYER
UNDER ANY CIRCUMSTANCES FOR ANY SPECIAL CONSEQUENTIAL,
OR PUNITIVE DAMAGES WHATSOEVER, WHETHER IN CONTRACT,
TORT (INCLUDING NEGLIGENCE AND STRICT LIABILITY), OR ANY
OTHER LEGAL OR EQUITABLE PRINCIPLE, THEORY, OR CAUSE OF
ACTION ARISING OUT OF OR RELATED IN ANY WAY TO ANY CLAIM,
INCLUDING, BUT NOT LIMITED TO, THE AFOREMENTIONED CLAIMS.

21.    The Addendum does not even ensure a return of the entire deposit in the event of

Seller's breach, as it states that:

ANY REFERENCE TO A RETURN OF THE BUYER'S EARNEST MONEY
DEPOSIT. . .SHALL MEAN A RETURN OF THE EARNEST MONEY
DEPOSIT, LESS ANY ESCROW CANCELLATION FEES APPLICABLE TO
THE BUYER UNDER THE AGREEMENT AND LESS FEES AND COSTS
PAYABLE FOR SERVICES AND PRODUCTS PROVIDED DURING
ESCROW AT THE BUYER'S REQUEST.

22.    Furthermore, the Addendum states in Section 1 that:

**THE BUYER FURTHER WAIVES THE FOLLOW, TO THE FULLEST
EXTENT PERMITTED BY LAW:**
(A) ALL RIGHTS TO FILE AND MAINTAIN AN ACTION AGAINST THE
SELLER FOR SPECIFIC PERFORMANCE;
(B) RIGHT TO RECORD A LIS PENDENS AGAINST THE PROPERTY OR TO
RECORD THE AGREEMENT OR A MEMORANDUM THEREOF IN THE
REAL PROPERTY RECORDS;
(C) RIGHT TO INVOKE ANY EQUITABLE REMEDY THAT WOULD
PREVENT THE SELLER FROM CONVEYING THE PROPERTY TO A THIRD
PARTY BUYER;

. . .

(E) ANY REMEDY OF ANY KIND THAT THE BUYER MIGHT OTHERWISE
BE ENTITLED TO AT LAW OR EQUITY (INCLUDING, BUT NOT LIMITED
TO, RECISION OF THE AGREEMENT), EXCEPT AS EXPRESSLY
PROVIDED IN THIS ADDENDUM

23.    Despite these unconscionable limits on Seller's liability in the event of a breach by

the Hansens, pursuant to Section 25 of the Addendum: "in the event of Buyer's material breach or

material misrepresentation of any fact under the terms of the Agreement, (1) the Seller, at its

option may retain the earnest money deposit and any other funds then paid by the Buyer as

4

liquidated damages **and/or invoke any other remedy expressly set out in the Agreement or available under applicable law, (2) the Seller is automatically released from the obligation to sell the Property to the buyer, and (3) Seller and the Indemnified Parties shall not be liable to the Buyer for any Claims arising out of or relating in any way to the Seller's failure to sell and convey the Property to Buyer"** (emphasis added).

**Count One**
(Violation of the Consumer Protection Act)

24.    Plaintiffs incorporate by this reference the allegations set forth in the above paragraphs.

25.    The Consumer Protection Act applies to sales of real property, as goods and services covered by the Act are defined to include "real estate transactions."

26.    Pursuant to Section 28-3904 (e) of the District of Columbia Consumer Protection Act, it shall be an unlawful trade practice and a violation of that Act to misrepresent as to a material fact which has a tendency to mislead or fail to state a material fact if such failure tends to mislead.

27.    The representation that Seller owned the Property and would convey possession to the Hansens is a material fact, that was misrepresented by the Seller.

28.    Seller misrepresented this fact by representing itself as the owner of the Property, and also failing to disclose that Seller had not properly foreclosed and gained proper legal title to the Property.

29.    Pursuant to Section 28-3904 (f) of the District of Columbia Consumer Protection Act it is an unlawful trade practice and a violation of the Act to fail to state a material fact if such failure tends to mislead.

5

30.     Seller failed to state that it had not properly foreclosed on the Property and that it did not have legal title to the Property.  Such a failure to disclose both misled and materially harmed the Plaintiffs.

31.     Pursuant to Section 28-3904 (a) of the Act, it is an unlawful trade practice and a violation of the Act for any person to represent that goods or services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have.

32.     By representing that it was the owner and seller of the Property, Countrywide violated this provision of the act.

33.     Pursuant to Section 28-3904 (r)(2) of the District of Columbia Consumer Protection Act it shall also be a violation of this chapter, for any person to: make or enforce unconscionable terms or provisions of sales, specifically including "knowledge by the person at the time of the sale or lease of the inability of the consumer to receive substantial benefits from the property or services sold or leased."

34.     The Sales Contract is unenforceable on the part of the Purchaser and contains no mutuality of obligation, as evidenced by Section 1 of the Addendum, referenced above, which limits all damages available to the Hansens in the event of Sellers refusal or failure to sell the Property to a return of the deposit, which deposit was the Hansen's money.  Thus, Seller may willfully breach the Sales Contract and according to the contract terms, have no liability whatsoever to a purchaser under the contract, such as the Hansens.  Conversely in the event of the Purchaser's breach, Countrywide is entitled to a return of the deposit *and* entitled to bring an action for further damages.  The contract is illusory and unconscionable.

6

35.    The limitation of damages is unconscionable in that a purchaser under the Sales Contract subjects himself to substantial liability by signing the contract yet the Seller cannot be made to perform under the Contract. Because of the limitations on liability, the Sales Contract, which purports to be a contract binding the seller under such contract to sell a home to the purchaser, in reality bestows no benefit on the Purchaser whatsoever.

36.    Seller was aware, or should have been aware, that at the time it entered into the Sales Contract that Seller did not have legal title to the Property and was not capable of selling the Property to the Plaintiffs.

37.    For all of the reasons stated above and in representing that it was selling the Property thorough the unenforceable and unconscionable Sales Contract, Seller has violated the Consumer Protection of the District of Columbia, and is therefore liable for treble damages, attorneys' fees, and punitive damages, in addition to a return of the Hansens deposit.

WHEREFORE, Plaintiffs Aaron Hansen and Jessica Hansen respectfully request that this Court enter judgment against Defendant Countrywide Home Loans, Inc. for at least One Million Dollars ($1,000,000.00) or such greater amount to be proven at trial, together with treble damages, attorneys fees, punitive damages of at least One Million Dollars ($1,000,000.00) or such greater amount to be proven at trial, prejudgment and post-judgment interest thereon, and that the Court award Plaintiffs their costs, and expenses incurred in this action and such other relief as the Court deems just and proper.

**Count Two**
**(Breach of Contract)**
**(specific performance/damages)**

38.    Plaintiffs incorporate by this reference the allegations set forth in the above paragraphs.

7

39.    As noted above, the Sales Contract states that Seller is the owner and authorized seller of the Property.

40.    Only after entering into the Sales Contract, did Plaintiffs discover that Countrywide was not the owner of the Property.

41.    As a result of Countrywide's breaches of the Sales Contract the Hansens were unable to purchase the Property as contracted for, and Seller improperly retained the deposit in the amount of Seven Thousand Dollars ($7,000.00).

42.    As a direct result of Seller's breach of the Purchase Agreement, Purchaser was substantially damaged, including loss of the deposit, loss of fees paid for settlement and closing, and other monetary damages in reliance on the Sales Contract.  Additionally, in reliance on the Sales Contract, Plaintiff's allowed the Lease on their current property to expire and the Hansens have incurred or will incur great expenses in obtaining a substitute property.

43.    In order to purchase a similar property, the Hansens will have to expend significantly greater funds than those that the Hansens contracted to expend for the Property.

44.    In the event that Defendant Countrywide has retained legal title to the Property, or fraudulently conveyed such title, Countrywide also breached the Sales Contract by not proceeding to settlement, and Plaintiffs demand specific performance under the Sales Agreement.

WHEREFORE, Plaintiffs Aaron Hansen and Jessica Hansen respectfully request that this Court enter judgment against Defendant Countrywide Home Loans, Inc. for specific performance of the Contract, or in the alternative, at least Two Hundred Thousand Dollars ($200,000.00) or such greater amount to be proven at trial, together with attorneys fees, prejudgment and post-judgment interest thereon, and that the Court award Plaintiffs the costs, and expenses incurred in this action and such other relief as the Court deems just and proper.

8

## Count Three
### (Negligent Misrepresentation)

45.     Plaintiffs incorporate by this reference the allegations set forth in the above paragraphs.

46.     As noted above, the Sales Contract states that Countrywide is the owner and authorized seller of the Property.

47.     Countrywide also made numerous representations that it is the owner and authorized seller of the Property.

48.     Countrywide knew or should have known that it did not own and was not authorized to sell the Property, and such representations were made with reckless disregard for the truth.

49.     The identity of the owner and seller of a property is material in any transaction to sell that property.

50.     Countrywide should have recognized that the Hansens would rely and be imperiled by action taken in reliance on these representations.

51.     The Hansens reasonably relied upon representations that Countrywide was the owner and seller of the property, to their detriment.

52.     The Hansens were harmed by their reliance on the representations that Countrywide was the owner and seller of the Property.

53.     In reliance on these representations the Hansens expended significant sums on attempting to close on the Sales Contract, submitting a deposit to Countrywide in the amount of seven thousand dollars ($7,000.00), and suffered other monetary losses in reliance on the misrepresentations of Countrywide.

9

WHEREFORE, Plaintiffs, Aaron Hansen and Jessica Hansen, respectfully request that this Court enter judgment against Defendant Countrywide Home Loans, Inc. for at least Two Hundred Thousand Dollars ($200,000.00) or such greater amount to be proven at trial, together with attorneys fees, prejudgment and post-judgment interest thereon, and that the Court award Plaintiffs the costs, and expenses incurred in this action and such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all issues.

Respectfully submitted,

**LAW OFFICES OF ANDREW J. KLINE**

Scott H. Rome, Esq. [476677]

Andrew J. Kline, Esq. [358547]
1225 19th Street, NW, Suite 320
Washington, D.C. 20036
(202) 686-7600

Attorneys for Plaintiffs

10

# Superior Court of the District of Columbia
### CIVIL DIVISION — CIVIL ACTIONS BRANCH

## INFORMATION SHEET

**0003645-07**

Aaron Hansen and Jessica Hansen

vs.

Countrywide Home Loans, Inc.

Case Number: [                    ]

Date: 5/29/07

**Name:**
Andrew J. Kline, Esq./Scott H. Rome, Esq

**Firm Name:**
Law Offices of Andrew J. Kline

Telephone No.:  Unified Bar No.:
202-686-7600   [358547]/[476677]

Relationship to Lawsuit

● Attorney for Plaintiff
○ Self (Pro Se)

Other: [                    ]

TYPE OF CASE:   ○ Non-Jury    ● 6 Person Jury    ○ 12 Person Jury

Demand: $ [$1 Million and/or Specific Performance]    Other: [                    ]

## PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No. [N/A]    Judge [                    ]    Calendar # [      ]

Case No. [        ]    Judge [                    ]    Calendar # [      ]

## NATURE OF SUIT:   *(Check One Box Only)*

**A. CONTRACTS**
- ☐ 01 Breach of Contract
- ☐ 02 Breach of Warranty
- ☐ 06 Negotiable Instrument
- ☐ 15 Other:
- ☐ 07 Personal Property
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance

**COLLECTION CASES**
- ☐ 14 Under $25,000 Pltf. Grants Consent
- ☐ *16* Under $25,000 Consent Denied
- ☐ 17 OVER $25,000

**B. PROPERTY TORTS**
- ☐ 01 Automobile
- ☐ 02 Conversion
- ☐ 07 Shoplifting, D.C. Code § 3441
- ☐ 03 Destruction of Private Property
- ☐ 04 Property Damage
- ☐ 05 Trespass
- ☑ 06 Other: Violation of Consumer Protection Act

**C. PERSONAL TORTS**
- ☐ 01 Abuse of Process
- ☐ 02 Alienation of Affection
- ☐ 03 Assault and Battery
- ☐ 04 Automobile
- ☐ 05 Deceit (Misrepresentation)
- ☐ 06 False Accusation
- ☐ 07 False Arrest
- ☐ 08 Fraud
- ☐ 09 Harassment
- ☐ 10 Invasion of Privacy
- ☐ 11 Libel and Slander
- ☐ 12 Malicious Interference
- ☐ 13 Malicious Prosecution
- ☐ 14 Malpractice Legal
- ☐ 15 Malpractice Medical
- ☐ 16 Negligence
- ☐ 17 Personal Injury
- ☐ 18 Wrongful Death
- ☐ 19 Wrongful Eviction
- ☐ 20 Other:
- ☐ 21 Asbestos
- ☐ 22 Toxic/Mass Torts

Form CV(0)-496/Feb. 95

**D.  OTHERS**

I.
- ☐ 01  Accounting
- ☐ 02  Att. Before Judgment
- ☐ 04  Condemnation (Emin. Domain)
- ☐ 05  Ejectment
- ☐ 07  **Insurance/Subrogation**
  **Under $25,000  Pltf.**
  **Grants Consent**
- ☐ 08  Quiet Title
- ☐ 09  Special Writ (Specify)

- ☐ 10  T.R.O./Injunction
- ☐ 11  Writ of Replevin
- ☐ 12  Enforce Mechanics Lien
- ☐ 16  Declaratory Judgment
- ☐ 17  Merit Personnel Act (D.C.
  Code Title 1, Chapter 6)
- ☐ 18  Product Liability
- ☐ 24  Application to Confirm, Modify,
  Vacate Arbitration Award
  (D.C. Code 164315)

- ☐ 25  Other:
- ☐ 26  **Insurance/Subrogation**
  **Under $25,000  Consent Denied**
- ☐ 27  **Insurance/Subrogation**
  **Over $25,000**

II.
- ☐ 03  Change of Name
- ☐ 06  Foreign Judgment
- ☐ 13  Correction of Birth Certificate
- ☐ 14  Correction of Marriage
  Certificate

- ☐ 15  Libel of Information
- ☐ 19  Enter Administrative Order as
  Judgment [6-2713(h) or
  36-3 19(a)]
- ☐ 20  Master Meter (D.C. Code
  43-541, et seq.)

- ☐ 21  Petition for Subpoena
  [Rule 28-I(b)]
- ☐ 22  Release Mechanics Lien
- ☐ 23  Rule 27. (a)(l)
  (Perpetuate Testimony)

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Aaron Hansen and Jessica Hansen

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __11001__
(EXCEPT IN U.S. PLAINTIFF CASES)

District of Columbia

## DEFENDANTS

Countrywide Home Loans, Inc.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT 88888
(IN U.S. PLAINTIFF CASES ONLY)
IN CONDEMNATION CASES, USE THE LOCATION OF THE

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Scott H. Rome      1225 19th Street, NW
Andrew J. Kline    Washington, DC 20036
Law offices of Andrew J. Kline

Case: 1:07-cv-01107
Assigned To : Friedman, Paul L.
Assign. Date : 6/20/2007
Description: Contract

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
   Plaintiff

☐ 2 U.S. Government
   Defendant

☒ 3 Federal Question
   (U.S. Government Not a Party)

☒ 3 Diversity
   (Indicate Citizenship of Parties
   in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/ Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☒ E. General Civil (Other)  OR  ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G.  *Habeas Corpus/ 2255* | ☐ H.  *Employment Discrimination* | ☐ I.  *FOIA/PRIVACY ACT* | ☐ J.  *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K.  *Labor/ERISA (non-employment)* | ☐ L.  *Other Civil Rights (non-employment)* | ☑ M.  *Contract* | ☐ N.  *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☑ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. Section 1441 – Breach of contract on sale of real property

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23

DEMAND $ $1 million

Check YES only if demanded in complaint
JURY DEMAND: ☑ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY

(See instruction)   ☐ YES   ☑ NO   If yes, please complete related case form.

DATE 6/20/07   SIGNATURE OF ATTORNEY OF RECORD

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd