## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AARON HANSEN** | |
| **and** | |
| **JESSICA HANSEN** | Case: 1:07 - cv - 01107 - PLF |
| **Plaintiffs,** | Assigned To: Friedman, Paul |
| **v.** | |
| **COUNTRYWIDE HOME LOANS, INC.** | |

### JOINT LOCAL RULE 16.3 REPORT

On July 10, 2007, counsel for the parties conferred by telephone pursuant

to Local Rule 16.3 and discussed the matters listed below:

1.      **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

Response: The parties anticipate that the case will be disposed of through a motion for summary judgment.  Other than motions for summary judgment, no dispositive motions are anticipated.

2.      **The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.**

Response: Plaintiff does not intend, at this time, to join any additional parties. Defendant may join additional parties within thirty (30) days.  Amendments to the pleadings may be appropriate after completion of discovery.  Amendments to pleadings shall be filed within thirty (30) days from close of discovery.

3.      **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

Response:  The parties agree that the case should not be assigned to a magistrate judge.

**4.      Whether there is a realistic possibility of settling the case.**

Response: Settlement of this action is a realistic possibility as both parties are presently exploring potential avenues of settlement.

**5.          Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

Response:  The parties agree that the case might benefit from mediation conducted under the Court's ADR program, after completion of discovery.  The parties have not discussed ADR with their clients.

**6.          Whether the case can be resolved by summary judgment or motion to dismiss; date for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Response: Plaintiff and Defendant anticipate that they will file motions for summary judgment after the conclusion of discovery, which the parties propose be completed by November 30, 2007.  Under that schedule, it is proposed that summary judgment motions be filed by December 31, 2007.  The parties' opposition to the summary judgment motions shall be filed by January 31, 2008, and reply briefs by February 29, 2008.

**7.          Whether the parties shall stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in scope, form or timing of those disclosures.**

Response:  The parties have agreed to stipulate to dispense with the initial disclosures.

**8.          The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery (e.g. number of interrogatories, number of depositions, duration of depositions); whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Response:   No protective orders are requested at this time. No deposition shall last more than one business day.  The deadline for written discovery requests should be

October 1, 2007 and factual discovery should be completed by November 30, 2007.

**9.**    **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of expert should occur.**

   Response:  The parties have agreed that expert witness reports, if any, should be provided by September 15, 2007.  Deposition of experts will take place within 30 days following the submission of their reports to the opposing party.

**10.**    **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or and evidentiary hearing on the motion and a proposed date for decision.**

   Response:  Not applicable.

**11.**    **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

   Response:  The parties agree that bifurcation is inappropriate.

**12.**    **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

   Response:  The parties agree that a pretrial should be scheduled for April 1, 2008.

**13.**    **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

   Response:    The parties request that the trial date be set at the pretrial conference.

DATED this 10th day of July 2007.

Respectfully submitted,


    /s/ Scott H. Rome
Scott H. Rome, Esq. [D.C. Bar # 476677]
Andrew J. Kline, Esq. [D.C. Bar # 358547]
LAW OFFICES OF ANDREW J. KLINE 1225
19th Street, NW, Suite 320
Washington, D.C. 20036
(202) 686-7600
Attorneys for Plaintiffs


    /s/Dianne M. Keppler
Mark B. Bierbower  [D.C. Bar # 320861]
Dianne M. Keppler  [D.C. Bar # 46580]
HUNTON & WILLIAMS, LLP
1900 K Street, N.W.
Washington, D.C. 20006-1109
(202) 955 - 1500
Attorneys for Defendant