# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AARON HANSEN

and

JESSICA HANSEN

    **Plaintiffs,**

        v.

COUNTRYWIDE HOME LOANS, INC.

  Defendant

Case: 1:07 - cv - 01107 - PLF
Assigned To: Friedman, Paul
Magistrate Judge- JMF

## PLAINTIFFS' OPPOSITION TO COUNTRYWIDE HOME LOANS, INC.'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs, Aaron Hansen and Jessica Hansen, by and through undersigned counsel, and pursuant to Local Rule of Civil Procedure 56.1, hereby oppose Defendant's Motion for Summary Judgment and in support thereof state as follows:

1.    Defendant filed a Motion for Summary Judgment and Motion on December 11, 2007.

2.    Defendant's Motion asserts that Summary Judgment is proper in this action, based upon a lack of a dispute of material facts.

3.    For all of the reasons asserted in Plaintiffs' "Memorandum of Points and Authorities in Opposition to Countrywide Home Loans, Inc.'s Motion for Summary Judgment," and the Affidavits and "Statement of Material Facts as to Which There Is A Genuine Dispute," attached thereto, this Motion must be denied.

4.    A proposed order has been tendered along with the instant Opposition for this Court's convenience.

WHEREFORE, Plaintiffs, Aaron Hansen and Jessica Hansen, for all the reasons set forth in the attached Memorandum of Points and Authorities in Opposition, fully incorporated herein by reference, hereby respectfully request that this Court deny Defendant's Motion for Summary Judgment.

Respectfully submitted,

_____/s/ Scott H. Rome_____
/s/ Scott H. Rome
Scott H. Rome, Esq. [D.C. Bar # 476677]
LAW OFFICES OF ANDREW J. KLINE
1225 19 th Street, NW, Suite 320
Washington, D.C. 20036
(202) 686-7600
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th Day of January 2008, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will send a notification of such filing to the following:


Mark B. Bierbower
Dianne M. Keppler
HUNTON & WILLIAMS, LLP
1900 K Street, N.W.
Washington, D.C. 20006-1109
(202) 955 - 15500


_____/s/ Scott H.  Rome_____
/s/ Scott H. Rome
Scott H. Rome, Esq. [D.C. Bar # 476677]
LAW OFFICES OF ANDREW J. KLINE
1225 19 th Street, NW, Suite 320
Washington, D.C. 20036
(202) 686-7600
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON HANSEN

and

JESSICA HANSEN

    Plaintiffs,

        v.

COUNTRYWIDE HOME LOANS, INC.

    Defendant.

Case: 1:07 - cv - 01107 - PLF
Assigned To: Friedman, Paul
Magistrate Judge- JMF

MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO COUNTRYWIDE HOME LOANS, INC.'S
MOTION FOR SUMMARY JUDGMENT

I.      BACKGROUND AND FACTS

This action arises out of a Regional Sales Contract dated February 2, 2007 (hereinafter the "Contract"), between Plaintiffs Aaron and Jessica Hansen as the Purchasers (collectively the "Hansens") and Countrywide Home Loans, Inc. ("Countrywide") as the Seller, for property located at 521 Quintana Place, NW Washington, DC 20011 (hereinafter the "Property"). The Hansens executed the Sales Contract on February 21, 2007. Countrywide executed the Sales Contract on February 28, 2007. *See*, Contract and Addendum attached to Countrywide's Motion for Summary Judgment as Exhibits "A" and "B" respectively.

The Hansens, entered into the Contract hoping to purchase their first home together, and Jessica had no previous real estate experience. *See*, Affidavit of Jessica Hansen and Affidavit of Aaron Hansen (collectively the "Hansen Affidavits") attached hereto as Exhibit 1 at ¶s 4. The Hansens intended to purchase the property for personal household and family use, and relied upon representations in and outside of the Contract that Countrywide was the owner of the Property and intended to sell the Property to the Hansens. *See*, Hansen Affidavits at ¶s 5, 6. The

Hansens also placed their faith and trust in Countrywide, as they not only believed Countrywide to be the owner of the property, but also intended and contracted for Countrywide to act as the lender for the acquisition of the Property. Hansen Affidavits at *See*, Hansen Affidavits at ¶s 7. The Hansens demonstrated their trust in and reliance on Countrywide by providing all manner of confidential information to Countrywide, including tax returns and credit information. *See*, Hansen Affidavits at ¶s 8.

The Hansens executed the Contract with the sincere belief that Countrywide had represented that it owned the Property and intended to sell it to the Hansens, and with the belief that they had remedies, beyond a mere return of their own money, in the event that Countrywide breached the Contract. *See*, Hansen Affidavits at ¶s 9. After execution of the Contract, and prior to any settlement on the Contract, Countrywide informed the Hansens that it could not sell the Property to the Hansens because it had been sold to another entity, Litton. *See*, Hansen Affidavits at ¶s 10. Although much of Countrywide's Motion discusses the Hansen's lack of a remedy in the event a title defect prevented Countrywide from selling the Property to the Hansens, Countrywide presents no evidence of any "title defect" and offers no direct explanation or any evidence for its failure or refusal to close under the Contract. Although mere allegations are not enough to support summary judgment, Countrywide has not even *alleged* any specific justification for the failure to close.

## II.    <u>STANDARD</u>

Summary judgment may be granted only if the moving party proves that no substantial and material facts are in dispute and that he is entitled to judgment as a matter of law. *National Cable Television Ass'n, Inc. v. F. C. C.* 479 F.2d 183 (C.A.D.C. 1973). The federal rule providing for summary judgment was not intended to cut off the right of trial by jury if parties really have issues to try, and summary judgment should be granted only when moving party is

entitled to judgment as matter of law, the truth is quite clear and no genuine issues remain for

trial. *Washington v. Cameron*, 411 F.2d 705 (C.A.D.C. 1969) *citing* Fed.Rules Civ.Proc. rule 56.

Moreover, summary judgment is not appropriate on issue concerning state of mind or

knowledge. "When circumstantial inferences of state of mind and motive are rebutted by denials

supported by some particularized facts, denials are enough to raise a factual issue, on motion for

summary judgment, necessitating trial. *Attorney General of U.S. v. Irish People, Inc.*, 796 F.2d

520 (C.A.D.C. 1986). Affidavits denying a particular state of mind are often by their nature

somewhat conclusory. *Id.* In fact, "Summary judgment is often inappropriate where state of

mind is crucial to the ultimate factual issue. *See, e.g., Briggs v. Goodwin*, 698 F.2d 486, 491,

*vacated on another issue on reh'g*, 712 F.2d 1444 (C.A.D.C.1983), cert. denied, 464 U.S. 1040,

104 S.Ct. 704, 79 L.Ed.2d 169 (1984); *Patrick v. LeFevre*, 745 F.2d 153, 159 (2d Cir.1984).

"[a]s a general rule, a party's state of mind (such as knowledge or intent) is a question of fact for

the factfinder, to be determined after trial." *Chanel, Inc. v. Italian Activewear of Florida, Inc.*,

931 F.2d 1472, 1476 (11th Cir.1991) (citing *Morissette v. United States*, 342 U.S. 246, 274, 72

S.Ct. 240, 96 L.Ed. 288 (1952); *United States v. Gregory*, 730 F.2d 692, 702 (11th Cir.1984)).

## III.    OVERVIEW OF ARGUMENT

### A. Introduction

Based upon all of the above history, the Hansens brought this action against Countrywide

alleging three counts: 1) violations of the District of Columbia Consumer Protection Act (the

"CPA"), 2) breach of contract; and 3) negligent misrepresentation. Countrywide filed the present

Motion for summary judgment based upon two central assertions: 1) the Addendum to the

Contract "clearly recognized and expressed the possibility that Countrywide might not be able to

deliver clear title to the real property..." *See*, Defendant's Motion for Summary Judgment at ¶ 1;

and 2) "[i]n the event that Countrywide was unable to secure clear title to the Property, the clear

3

terms of the Addendum precluded the Hansens from seeking any monetary or equitable remedy other than the return of their earnest money deposit." *See*, Defendant's Motion for Summary Judgment at ¶ 2. In other words, Countrywide asserts that the Contract was not breached, and no misrepresentations were made regarding Countrywide as the owner and seller of the Property, because the language in the Contract and its Addendum state that problems might arise related to securing clear title, and the Contract disclaims all liability and responsibility on the part of Countrywide due to **any** title defect. Countrywide however, has failed to present any evidence, or even allege, that a defect in title prevented the sale. The reason that Countrywide refused to close on the sale of Property remains a mystery, and thus summary judgment is not proper on any of Plaintiffs' claims against Countrywide.

In order to argue that a defect in title invoked the disclaimer language of the Contract that prevents Plaintiffs from any remedies or damages, Countrywide would first have to provide some evidence of a defect in title that triggered the provision, and it failed to take this first step in either the Motion, Memorandum, or Affidavit in support thereof. Instead, as its statement of material facts not in dispute, Countrywide relies upon seven quotations from the Contract regarding the results of a defect in title, and a self serving statement contained in an Affidavit, by a single employee of Countrywide, regarding the state of mind of that employee, in that she personally was aware of no title defects at the time of contracting. These contractual provisions and that single statement as to the state of mind, or knowledge, of the Defendant, make up the entirety of the statement of undisputed facts and cannot support summary judgment.

### B. No facts support a defect in title and facts are to the contrary

Even accepting all of Countrywide's "undisputed facts" as true, Defendants are not entitled to summary judgment on the claims asserted by Plaintiff, because there are additional material facts in dispute that preclude judgment as a matter of law, further facts that form the basis of Plaintiff's Complaint that Countrywide has simply failed to oppose, and facts that have yet to be revealed in discovery.   First, and most importantly, as noted above, at no point in Countrywide's Motion, Memorandum, and Affidavit attached thereto, does Countrywide assert that it was unable to convey the Property due to a title defect, or that Countrywide should not have known of a title defect at the time of closing. Countrywide's central argument, is based upon the legal conclusion that "by entering into this contract, the Hansens agreed to relinquish certain rights in the event that Countrywide could not provide clear title to the property." Memorandum at p.2.  The Motion for Summary Judgment and its supporting pleadings, however, omit any facts that would support such a legal conclusion.

In addition to a lack of evidence to support Countrywide's argument, the sworn testimony of the Hansens provides facts to the contrary of any alleged defect in title.  A representative of Countrywide informed the Hansens that Countrywide would not close with the Hansens because the Property was transferred to a third party.  *See*, Hansens Affidavits at ¶s 10.  Therefore, the only evidence of record, the Hansen affidavit, reflects that Countrywide could not sell the property to the Hansens, because it was sold to Litton after Countrywide contracted to sell it to the Hansens. Based on the record, it would seem any purported title defect arose after the contract was signed and only because of the affirmative act of Countrywide in selling the property to Litton.

**C.  Even if Countrywide could show a defect in title, multiple additional disputes of material fact prevent summary judgment**

Even disregarding all of the above argument, and even if Countrywide had provided evidence of a defect in title that prevented closing, there are a number of additional factual disputes that would prevent judgment on each of Plaintiff's claims.  First, regardless of any eventual defect in title, Countrywide would remain liable for a violation under the CPA, a breach of contract, and a negligent misrepresentation, if Countrywide knew or should have known of any title problems, lack of title, or other impediment to sale at the time of contracting. Countrywide is undoubtedly aware that this issue might preclude summary judgment, but in order to show that it was unaware of any such issue at the time of contracting, Countrywide provides **only** a self-serving affidavit regarding the state of mind of one Countrywide employee who states she was unaware of such a defect. *See*, Affidavit of Mari Parsamyan, attached to Memorandum of Countrywide as Exhibit C ("Parsamyan Affidavit").  As noted in the Argument below, such an Affidavit on the state of mind of one employee, is not indicatative of whether Countrywide, as an entity, was aware or should have been aware of a defect in title at the time of the sale.  Also, even if the knowledge of a single employee could be considered as the knowledge of Countrywide, the issue of "knowledge" is in the realm of  "state of mind" and thus not an appropriate basis for summary judgment under applicable law.

As the other prong of its central argument, Defendant alleges that "[i]n the event that Countrywide was unable to secure clear title to the Property, the clear terms of the Addendum precluded the Hansens from seeking any monetary or equitable remedy other than the return of their earnest money deposit." *See*, Defendant's Motion for Summary Judgment at ¶ 2.  By Plaintiff's own admission, however, the limitations on damages and remedies are only applicable "[i]n the event that Countrywide was unable to secure clear title to the Property." *See*, Defendant's Motion for Summary Judgment at  ¶ 2.  As noted above, however, the Motion does

not provide any facts demonstrating that Countrywide was "unable to secure clear title," the evidence is contrary to this claim, and thus the limitations on remedies do not apply. Additionally, Plaintiff makes no allegation or legal argument that these limitations on remedies are appropriate in a claim under the CPA. Finally, even if applicable these limitations on damages are not enforceable.

### D. Rule 56(f) Affidavits demonstrate that summary judgment is not appropriate

Lastly, even if Defendants motion provides sufficient evidence to invoke the application of the contractual remedy exemptions, even if the Affidavit of a single individual is attributable to knowledge of Countrywide, and even if summary judgment may be appropriate based on an affidavit as to a party's knowledge, summary judgment is still not appropriate in this action because discovery is required to reveal further triable issues of fact that would preclude summary judgment. Federal Rule of Civil Procedure 56(f) provides that "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion...".  As the Supreme Court has noted, summary judgment should be entered "after adequate time for discovery." and Rule 56(f) requests should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence. *See e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), *Berkeley v. Home Ins. Co.*, 68 F.3d 1409, 1414 (C.A.D.C.,1995).

Defendants, filed the present Motion for Summary Judgment in this action prior to the commencement of any discovery, and in fact, while discovery was ***stayed by the Court*** in this action. As demonstrated below, Plaintiffs have provided an affidavit demonstrating a number of issues of fact that require discovery, and that preclude the entry of summary judgment.

### IV.    ARGUMENT

7

## _____ A. __COUNT ONE - CONSUMER PROTECTION ACT VIOLATIONS__

Count One of the Hansens' Complaint alleges violation of the Consumer Protection Act. The Hansens allege unlawful trade practices by Countrywide including (1) misrepresentation as to a material fact which has a tendency to mislead or failure to state a material fact if such failure tends to misleas (*See* Complaint at ¶ 26); (2) failure to state a material fact if such failure tends to mislead (*See* Complaint at ¶ 29); (3) representation that goods or services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have (*See* Complaint at ¶ 31); and (4) making or enforcing unconscionable terms or provisions of sales, specifically including **"**knowledge by the person at the time of the sale or lease of the inability of the consumer to receive substantial benefits from the property or services sold or leased" (*See* Complaint at ¶ 33). The Complaint provides specific citations to the Consumer Protection Act demonstrating that each of these items constitutes an unlawful trade practice and a violation of the Act.  As noted below, Countrywide has not proved that there are no substantial and material disputes of facts regarding each of these unlawful trade practices.

### 1.  Countrywide failed to produce evidence of a defect in title, and the only evidence of record is to the contrary

As its central argument that summary judgment is appropriate on these four claims of unlawful trade practices, Countrywide argues that the provisions of the Contract warning of potential title defects render any claim of misrepresentation or an inability to receive benefits impossible.  These arguments are summarized by Countrywide's statement that "[b]y entering into this contract, the Hansens agreed to relinquish certain rights in the event that Countrywide could not provide clear title to the property" (*See*, Defendant's Memorandum of Points and Authorities in Support of Summary Judgment "Countrywide's Memorandum" at p. 2) and

Countrywide's allegation that the contract makes it clear that a "title issues might arise" (*See*, Countrywide's Memorandum at p. 6). As noted above, however, Countrywide cannot rely on these provisions unless Countrywide first alleges that a defect in title has occurred, and Countrywide has not done so at any point in its Motion, Memorandum, statement of material facts, or supporting Affidavit.

Without any proof, or even an allegation, that a title defect prevented the sale, all of these unlawful trade practices alleged under the CPA remain in dispute. For example, without such evidence, there remains a dispute as to whether Countrywide (1) made a misrepresentation as to its ownership of the Property or ability to convey the Property (2) failed to disclose that it did not own or could not convey the Property, or (3) misrepresented the source, sponsorship, or ownership of the property. Furthermore, it would seem to be beyond dispute that countrywide knew, at the time the contract was executed, that the contract conferred no substantial benefit upon the Hansens, because they have no ability to enforce it. Accordingly, not only is Countrywide not entitled to summary judgment in this claim, it would seem the Hansens will need to do little to demonstrate their entitlement to judgment on this claim.

It is telling that the Memorandum, Statement of Facts, and Affidavit are suspiciously silent regarding the facts surrounding the failure to close. There is no allegation as to why, or even if, title was defective. The reason or reasons Countrywide did not convey the Property to the Hansens as contemplated by the Contract are known only to Countrywide at this stage of the litigation. The Affidavit of the Hansens that they were informed that seller had sold the Property to another party, after contracting to purchase the Property, must be credited at this stage of the litigation. This evidence, in addition to Countrywide's failure to allege the reasons for failing to close, combined with Countrywide seeking summary judgment based upon an alleged waiver of

remedies in the event of a title defect that was not even alleged, make summary judgment inappropriate.

Finally, the Complaint alleges as misrepresentations supporting each of its claims that "[u]pon information and belief, Countrywide, however, is not and was not the owner of the Property, and despite contracting to sell the Property, never had the ability to convey the Property to the Hansens." The Complaint also alleges that "The closing on the Property never occurred because, upon information and belief, Countrywide did not have title to the Property."*See*, Complaint at ¶ 14. Countrywide's Motion and Memorandum never deny these allegations, but instead state that the Contract fully disclosed that there may be problems with title. Therefore, even accepting those disclaimers as binding, the Complaint, alleging that Countrywide "never" had title to the property, should survive summary judgment.

**2. Even if Countrywide had alleged sufficient facts to show an eventual defect at the time it entered into the Contract, Countrywide provided no evidence that it ever owned the Property and insufficient evidence that it had no knowledge of any problems at the time of contracting**

Countrywide recognizes that if it had knowledge of a title defect or other problem in transferring or owning the property, at the time it entered into the Contract, summary judgment would not be appropriate, because the Complaint alleges that Countrywide "is not and was not the owner of the Property, and despite contracting to sell the Property, never had the ability to convey the Property to the Hansens." *See* Complaint at ¶ 13. In opposition to this allegation, however, Countrywide provides ***only*** the Affidavit of Mari Parsamyan. Parsamyan's Affidavit, however, does not even purport to present the knowledge of Countrywide as an entity and is only evidence as to the knowledge of one individual.

This employee alleges only that she was an asset manager for Countrywide, responsible for marketing the Property and that: "**[a]tt the time I entered into the Regional Sales Contract**

and the Real Estate Purchase Addendum on behalf of Countrywide, *I was not aware* of any problems with title to the Property and had no reason to believe the sale would not close." See Parsamyan Affidavit at ¶ 4 (emphasis added). Therefore, in response to allegations that Countrywide was aware that the Hansens could receive no benefit from the Contract, and that Countrywide did not own the Property, Countrywide counters with the purported knowledge of only one individual. This statement of knowledge comes woefully short of any statement as to the knowledge of Countrywide. Moreover, Parsamyan never says who owned the Property on the contract date. Perhaps someone other than Countrywide owned the Property, and Parsamyan presumed this other party would cooperate in a sale to the Hansens.

Countrywide does *not* provide an affidavit stating that no representatives of Countrywide were aware of any problems with title or that Ms. Parsamyan even sought to determine whether any others within the national corporation had such knowledge. Instead, even in the same sentence in which she states that she entered into the contract "on behalf of Countrywide," Parsamyan testifies only to her own personal knowledge and that she was not aware. In this instance, Parsamyan could have had no knowledge of any title defect or failure in ownership of the property, yet any other representative of Countrywide could have had knowledge of these facts. The summary judgment motion does not address this deficiency, and a self serving statement by one employee of a national company cannot be considered sufficient evidence on this issue, on behalf of the entire company, that entitles Countrywide to summary judgment.

### 3. The state of mind, or knowledge of a party, is not an appropriate ground for summary judgment

Next, even if the Affidavit of Parsamyan, is sufficient to act as a statement of knowledge for the entire company, Defendants are not entitled to summary judgment, where a key component at issue is the state of mind, or knowledge, of Countrywide. The Hansens have

11

alleged that Countrywide was aware that it could not convey title to the Hansens and presented

sworn testimony that representatives of Countrywide informed them that the Property could not

close because it had been sold to another entity, Litton.  Countrywide on the other hand has

presented an Affidavit by Parsamyan stating she did not have any knowledge of any such

problems with title at the time of contracting.  Even if this constitutes a statement *by*

Countrywide, Plaintiffs have no opportunity to determine if this is an accurate description of her

mental state or the knowledge of Countrywide.  "As a general rule, a party's state of mind (such

as knowledge or intent) is a question of fact for the factfinder, to be determined after trial."

*Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F.2d 1472, 1476 (11th Cir.1991) (*citing*

*Morissette v. United States*, 342 U.S. 246, 274, 72 S.Ct. 240, 96 L.Ed. 288 (1952); *United States*

*v. Gregory*, 730 F.2d 692, 702 (11th Cir.1984)).  Therefore, these statements of the knowledge of

Parsamyan, even if attributed as the knowledge of Countrywide as a whole, are not an

appropriate ground for summary judgment.   As Countrywide's Motion gives no other support

for this "lack of knowledge" and does not even allege any facts surrounding the failure to close,

summary judgment are not appropriate based only upon this affidavit as to state of mind.

Courts of the District of Columbia Circuit are also in agreement that such affidavits as to

knowledge or "state of mind" are not enough to overcome the high hurdle of summary judgment.

Affidavits denying a particular state of mind are often by their nature somewhat conclusory.

*Attorney General of U.S. v. Irish People, Inc.*, 796 F.2d 520 (C.A.D.C. 1986).  "When

circumstantial inferences of state of mind and motive are rebutted by denials supported by some

particularized facts, denials are enough to raise a factual issue, on motion for summary judgment,

necessitating trial. *Id.*   In fact, Courts have held that  "[s]ummary judgment is often

inappropriate where state of mind is crucial to the ultimate factual issue." *See, e.g., Briggs v.*

*Goodwin*, 698 F.2d 486, 491, *vacated on another issue on reh'g*, 712 F.2d 1444 (D.C.Cir.1983), *cert. denied*, 464 U.S. 1040, 104 S.Ct. 704, 79 L.Ed.2d 169 (1984); *Patrick v. LeFevre*, 745 F.2d 153, 159 (2d Cir.1984). In this instance, without any other evidence as to the knowledge of the failure to close, the state of mind of Countrywide becomes the crucial issue in determining whether Countrywide knew of any problems with title or violated the CPA, and for this reason alone, summary judgment is inappropriate.

### 4. The provisions restricting remedies and damages do not prevent recovery under the CPA, or either of the other counts

Countrywide's second basis for summary judgment fails for the majority of the same reasons as its first. Countrywide asserts that "[i]n the event that Countrywide was unable to secure clear title to the Property, the clear terms of the Addendum precluded the Hansens from seeking any monetary or equitable remedy other than the return of their earnest money deposit." *See*, Countrywide's Motion for Summary Judgment at ¶ 2. Once again, however, in order assert that the Hansens are precluded from seeking damages, Countrywide acknowledges and pleads that Countrywide must show that Countrywide was unable to secure clear title. Just as noted in response to the first argument, Countrywide has made no such showing, sufficient to obtain summary judgment. Indeed, Countrywide's motion is conspicuously silent as to whether Countrywide had any colorable claim of title to the Property at the time it entered into the Contract with the Hansens and Countrywide has provided no evidence of any defect in title.

More importantly, any reliance claim of a damage and remedy limitation must fail with regard to Count One, because the Contract between the Hansens and Countrywide cannot limit the statutory damages available under the Consumer Protection Act. If Countrywide is found to have committed a violation of the Act, the fact that the Contract which violated this act restricts remedies to the consumer is of no avail.

Finally, the damage and remedy limitations of the Contract should not be enforced as a matter of public policy as they allow large companies, such as Countrywide, to lure consumers into contracts and then default, with impunity, when they get a better offer or closing under the contract becomes "too much trouble". Therefore the consumer home buyer is left with dashed expectations and the expenses involved in doing their part to fulfill obligations under the contract such as title search fees, credit report costs, and points. As noted in the section on Count One, these provisions are also not reasonable and thus not enforceable.

### 5. Discovery is required in order to oppose Countrywide's motion for Summary Judgment

As the final reason why summary judgment should be denied as to Count One, **and for all other Counts**, Plaintiffs' attach an Affidavit to this Memorandum pursuant to Federal Rule of Civil Procedure 56(f), which details the need for discovery in this action in order to properly oppose the motion for summary judgment in this action.  See, Plaintiff's Rule 56(f) Affidavit, attached hereto as Exhibit 2.  Even disregarding all of the other arguments contained in the motion and opposition, Countrywide's Motion for Summary Judgment must be denied because there are facts that would preclude summary judgment if Plaintiffs were permitted discovery.

As the Supreme Court has noted, summary judgment should be entered "after adequate time for discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  Rule 56(f) requests should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence. *Berkeley v. Home Ins. Co.*, 68 F.3d 1409, 1414 (C.A.D.C.,1995) *citing, Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 n. 4 (5th Cir.1992) (citations omitted), *cert. denied*, 508 U.S. 910, 113 S.Ct. 2340, 124 L.Ed.2d 251 (1993).  In this action, not only has Plaintiff not had the chance to pursue discovery, but discovery was **stayed** by Order of this Court.

14

At the status conference on July 19, 2007, the parties and the Court agreed to stay all discovery in this case pending referral to a magistrate judge for settlement purposes. Subsequently the parties attended multiple conferences before the magistrate judge, but failed to reach a settlement. Before the stay on discovery could be lifted and before any discovery schedule could be agreed upon by the parties, or set by this Court, Countrywide prematurely moved for summary judgment. Summary judgment, however, ordinarily is proper only after plaintiff has been given adequate time for discovery. *See, Information Handling Services, Inc. v. Defense Automated Printing Services*, 338 F.3d 1024 (C.A.D.C.,2003).

Federal Rule of Civil Procedure 56(f) provides that [i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may deny the motion. Without the requested discovery in this action, Plaintiffs cannot show proof of all facts required to oppose the Motion for Summary Judgment. *See*, Rule 56(f) Affidavit. In fact, the Rule 56(f) Affidavit of Aaron Hansen lays out specific factual issues of which discovery would likely provide a dispute of material fact, and a defense to Countrywide's Motion for Summary Judgment. Information obtained through discovery could preclude any claim for judgment on behalf of Defendants, and Plaintiffs require discovery on these issues in order to properly respond to the Summary Judgment motion in this action. There are a number of disputed facts which are only within the knowledge of Countrywide at this time, and if discovered would properly permit Plaintiff's to oppose Countrywide's Motion for Summary Judgment in this action. *See*, Rule 56(f) Affidavit") at ¶ 5.

Without discovery on these issues, Plaintiff's can not properly frame a response to Countrywide's Motion for Summary Judgment. Rule 56(f) Affidavit") at ¶ 6.

15

Specifically Plaintiffs intend to propound written discovery and conduct interrogatories of the Defendant as to the following issues:

(1) When, if ever, Countrywide obtained title to the Property;

(2) Whether Countrywide ever had a colorable claim of title to the Property;

(3) If Countrywide ever had title to the Property, what event, if any, prevented Countrywide from retaining claim of title to the Property;

(4) Whether Countrywide, as an entity, was aware, at the time of contracting, that it did not have a colorable claim of title to the Property, or any claim of title to the Property:

(5) Whether Countrywide, as an entity, should have been aware, at the time of contracting, that it did not have a colorable claim of title to the Property, or any claim of title to the Property:

(6) How Countrywide learned of any alleged defect in title or other impairment on Countrywide's title to the Property, if any,

(7) Whether Countrywide sold the Property to another purchaser, as represented by representatives of Countrywide;

(8) Whether Countrywide, as the lender, breached any duty to the Hansens to further investigate the proper title of Countrywide at the time of Contracting; and

(9) Whether Countrywide willfully failed to obtain title to the Property or failed for reasons within its own control.

*See* Rule 56(f) Affidavit at ¶ 7.

Discovery as to the issues listed above would allow Plaintiff's to properly oppose the Motion for Summary Judgment. All nine of the issues listed in the above paragraph are solely within the knowledge of Countrywide at this time and are not a part of Countrywide's factual evidence in support of summary judgment. *See* Rule 56(f) Affidavit at ¶ 8.

Each of these facts listed above are relevant in supporting an opposition for summary judgment for obvious reasons. Namely, if discovery reveals that Countrywide never had title to the Property, that Countrywide never had a colorable claim of title, that Countrywide failed to

obtain title to the Property willfully or for reasons within its own control, that Countrywide was aware or should have been aware at the time of contracting that it did not or might not have colorable title, or that Countrywide failed to properly investigate its own claims as to title supporting its representations in the Contract, then summary judgment in favor of Countrywide is not appropriate on any of the Counts brought by Plaintiffs, regardless of any arguments set forth in Countrywide's Motion for summary judgment. This information is only known by Countrywide, prior to any discovery, and therefore, the need for discovery is applicable to all three counts asserted by the Hansens and precludes Summary Judgment on all counts.

### B. COUNT TWO - BREACH OF CONTRACT

**1. Existence of a breach**

In seeking summary judgment as count two, Breach of Contract, Countrywide first asserts that it is entitled to judgment as a matter of law because the Contract is unambiguous, in stating that Countrywide did not own and would not convey the Property. Before even examining why Countrywide never adequately demonstrated a lack of a dispute of material fact it must be noted that this claim is absurd. The Addendum to the Contract, relied upon repeatedly by Defendants states in its first statement after the introductory clause "BUYER UNDERSTANDS AND ACKNOWLEDGES THAT *SELLER HAS ACQUIRED THE PROPERTY* THROUGH FORECLOSURE, OR SIMILAR PROCESS." (emphasis added). If this is not a representation that Countrywide owned the Property then what is it? Therefore, the Contract begins with a representation that Seller owns the Property. It is disingenuous for Countrywide to preface its entire argument upon the fact that the Contract never asserts that the "Countrywide is the owner and authorized seller of the Property." Even accepting all of the later disclaimers regarding later problems with title, which Countrywide has never even alleged to exist, there is no doubt that in

17

this sentence alone, Countrywide makes a representation that it owned and could convey the Property at the time of contracting. Countrywide is simply trying to twist a warning about later problems with title into an "unambiguous" representation that Countrywide may not have ever owned the Property. This is akin to Countrywide contracting to sell the Brooklyn Bridge and then claiming a "title defect" when it could not close on the sale.

### 2. Disputes of material fact

Next, even putting aside the above disingenuous claim of an unambiguous Contract based upon later disclaimers, Countrywide fails to show any evidence (or even allege although bare allegations would not be enough to support summary judgment) a number of facts that are necessary in order to obtain summary judgment.

The facts, and lack thereof, that preclude summary judgment in this action, are as follows: The parties entered into a Contract. The Hansens were ready, willing, and able to settle pursuant to that Contract. *See*, Hansen Affidavits at ¶s 11. Countrywide failed and refused to close on that Contract. *See*, Hansen Affidavits at ¶ 10. The Hansens were advised that Countrywide failed to close on the Contract because the Property was sold to "Litton." *See*, Hansen Affidavits at ¶ 10. Countrywide offered no explanation or justification as to why it failed to close on the Contract. Instead, Countrywide repeatedly and irrelevantly repeats its arguments regarding immunity from title defects. Without the crucial factual representations regarding the reasons for the failure to close, or even the existence of title defects, the Summary Judgment motion as to the Breach of Contract claim must fail. Furthermore the Motion as to this Count must fail for all of the same reasons as Count One.

### 3. The remedy and damage limitations are unenforceable

18

Countrywide next alleges that it is entitled to judgment on the breach of contract claim because Plaintiff's waived their right to seek specific performance or damages as part of the Addendum. In order to properly evaluate the contractual restrictions, it is important to summarize just how far reaching Countrywide's Contract purports to be. The Contract Addendum limits buyers' sole and exclusive remedy ***"in all circumstances and for all claims"*** to a return of their own money, in the form of the deposit. Furthermore, Section One of the Agreement states that in all circumstances and for all claims: (1) buyer agrees that seller shall not be liable for any special, consequential, or punitive damages, whether in contract, tort, or any other legal or equitable principle, related to any claim; (2) buyer waives all rights to file and maintain an action against the seller for specific performance; (3) buyer waives the right to record a lis pendens or record the agreement; (4) buyer waives the right to invoke *any equitable remedy* that would prevent the seller from conveying the property to a third party buyer; and (5) buyer waives any remedy of any kind that the buyer might otherwise be entitled to at law or equity. *See, Addendum* attached to Countrywide's Memorandum as Exhibit B at p. 1-2. Alternatively, the rights of Countrywide in the event of a breach are not restricted in any similar manner.

While District of Columbia Courts have not had the opportunity to address a Contract that is this unbalanced in favor of a home-seller, Courts of other jurisdictions have found such damage and remedy limitations completely unenforceable, and instead enforce the contract ***without*** the damage limitation. In *Terraces of Boca Assocs. v. Gladstein*, 543 So.2d 1303 (Fla. 4th DCA 1989), a Florida appellate court held that an unreasonable disparity in remedy alternatives available to vendors and buyers of real property rendered liquidated damages clause unenforceable for lack of mutuality of obligation. In that case, the liquidated damage provision of the sales contract expressly limited buyers to the exclusive remedy of terminating contract and

19

receiving back deposit, but provided the sellers with the option of retaining the deposit without precluding the seller from pursuing equitable remedies or from bringing an action at law for actual damages,. *Id.* The contract before the Court in *Gladstein*, is identical to the current Contract, and this Court should follow the Florida court in ruling that the damage limitations are unenforceable because they are so oppressively one sided in favor of the seller.

In *Ocean Dunes of Hutchinson Island Development Corp. v. Colangelo*, 463 So.2d 437 (Fla.App. 4 Dist.,1985) a Florida appellate court was faced with another similar contract for sale of real property and held that the purchasers of the property could maintain a suit for specific performance despite the language of the contract forbidding such a suit.  In that action, the court held that the provisions mandating a lack of remedies to the purchaser were not reasonable and would not be enforced.  The court noted that while parties may stipulate by contract what the consequences of a breach shall be, such limitations are controlling and preclude other consequences **only if they are reasonable**. *Id.*  This Court should similarly require that damage limitations in  home sales contracts must be reasonable in order to be enforceable, and the present contract is far from reasonable. In making its finding the *Colangelo* Court cited cases requiring that limitations of remedies must be mutual, unequivocal and reasonable. *See*, *Id.* citing *Black v. Frank*, 176 So.2d 113 (Fla. 1st DCA 1965).  Finally in its concluding paragraph the Court in *Colangelo* stated:

> To use the colloquialism of the trial judge, 'Sauce for the goose is sauce for the gander.' The parties can stipulate to different kinds of "sauces," but both parties must have genuine, not illusory, obligations. The relative "remedies" provided in this contract to the buyer vis-a-vis the developer are neither mutual nor reasonable. The contract between the parties constituted an agreement on the part of the developer/owner to convey, and on the part of the purchasers to pay for the subject condominium unit. This was an enforceable and binding contract, supported by valid consideration. See, e.g., *Vance v. Roberts*, 96 Fla. 379, 118 So. 205 (1928). **Because the contract provides no reasonable remedy for its**

20

**breach, the equitable remedy of specific performance fashioned by the trial court was correct.**

See *Id.* at 441 (emphasis added). Given the sheer unreasonableness, non-mutuality, and inequitable Contract at issue in the present action, Countrywide should similarly be prevented from relying on the contractual limitations of remedies and damages, even in the presence of an intentional or knowing breach, as discovery may reveal.

### C. COUNT THREE - NEGLIGENT MISREPRESENTATION

The third and final Count of Plaintiffs' Motion is an allegation of negligent misrepresentation.  Countrywide summarily requests summary judgment on this Count based upon the allegation that they made no false statement and there was no reliance on any such statement by the Hansens. For all of the reasons set forth in response to the claim for summary judgment on the Consumer Protection Act claims, this claim should also fail.  Most importantly, but not exclusively, Countrywide has not demonstrated the lack of a dispute of material fact as to the existence of a misrepresentation with regard to the failure to close. Once again, Countrywide failed to set forth any reason whatsoever for its failure to close, and thus any repeated reliance on a disclaimer for title defects, without the allegation of any facts surrounding title defects, is of no import.   The misrepresentations of Countrywide form the bulk of Plaintiff's claims for violation of the CPA and for this reason, and all of the reasons stated in response to Counts one and two, Countrywide is not entitled to summary judgment.  Also, for the reasons set forth with regard to counts one and two, the damage and remedy limitations are unenforceable.

## IV.  CONCLUSION

For all of the foregoing reasons, this Court should deny Countrywide's Motion for Summary Judgment.

21

Respectfully submitted,

_____/s/ Scott H. Rome_____
/s/ Scott H. Rome
Scott H. Rome, Esq. [D.C. Bar # 476677]
LAW OFFICES OF ANDREW J. KLINE
1225 19 th Street, NW, Suite 320
Washington, D.C. 20036
(202) 686-7600
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th Day of January 2008, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will send a notification of such filing to the following:

Mark B. Bierbower
Dianne M. Keppler
HUNTON & WILLIAMS, LLP
1900 K Street, N.W.
Washington, D.C. 20006-1109
(202) 955 - 15500

_____/s/ Scott H.  Rome_____
/s/ Scott H. Rome
Scott H. Rome, Esq. [D.C. Bar # 476677]
LAW OFFICES OF ANDREW J. KLINE
1225 19 th Street, NW, Suite 320
Washington, D.C. 20036
(202) 686-7600
Attorneys for Plaintiffs

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**AARON HANSEN**

**and**

**JESSICA HANSEN**

    **Plaintiffs,**

        **v.**

**COUNTRYWIDE HOME LOANS, INC.**

  Defendant

Case: 1:07 - cv - 01107 - PLF
Assigned To: Friedman, Paul
Magistrate Judge- JMF

<u>**AFFIDAVIT OF AARON HANSEN**</u>

      I, Aaron Hansen, being sworn according to law, deposes and states as follows:

    1.    I am over the age of Eighteen (18) and competent to testify to the matters stated herein.

    2.    I, along with my wife Jessica Hansen ("Jessica"), entered into a Regional Sales Contract dated February 2, 2007 (hereinafter the "Contract") as purchasers, with Countrywide Home Loans, Inc. ("Countrywide") as the Seller, for property located at 521 Quintana Place, NW Washington, DC 20011 (hereinafter the "Property").

    3.    I, and my wife, executed the Sales Contract on February 21, 2007. Countrywide executed the Sales Contract on February 28, 2007.

    4.    Prior to the Contract , my wife Jessica and I had rented a house together, Jessica was hoping to become a first time home buyer, and we had no prior real estate experience together.

    5.    Jessica and I intended to purchase the property for personal household and family

use, and relied upon representations in and outside of the Contract that Countrywide was the owner of the Property and intended to sell the Property to my wife and I.

6.    Jessica and I relied upon representations in and outside of the Contract that Countrywide was the owner of the Property and intended to sell the Property to us.

7.    We also placed our faith and trust in Countrywide, as we believed Countrywide to be the owner of the Property, and we intended and contracted for Countrywide to act as the lender for our acquisition of the Property.

8.    Jessica and I also demonstrated our trust in and reliance on Countrywide by providing all manner of confidential information to Countrywide, including tax returns and credit information.

9.    Jessica and I executed the Contract with the sincere belief that Countrywide had represented that it owned the Property and intended to sell us the Property, and with the belief that we had remedies, beyond a mere return of our own money, in the event that Countrywide breached the Contract,

10.    After our execution of the Contract, and prior to any settlement on the Contract, Countrywide informed my wide and I that it could not sell the Property to us, because it had been sold to another entity, Litton.

11.    After executing the Contract, and before Countrywide refsued to perform, Jessica and I were ready, willing, and able to settle, pursuant to the terms of the Contract.

2

I solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the foregoing paper are true.

Aaron Hansen

**DISTRICT OF COLUMBIA) S/S**

I, MAURA PAGANO , a Notary Public in and for the aforesaid District of Columbia, do hereby certify that Aaron Hansen, who is known to me as the party to and who executed the foregoing, personally appeared before me in said State and County and acknowledged the same to be his act and deed.

WITNESS my hand and official seal this 9th day of JANUARY , 2008.

Notary Public

My Commission Expires:

Maura Pagano
Notary Public, District of Columbia
My Commission Expires 2/29/2012

**3**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AARON HANSEN

and

JESSICA HANSEN

    Plaintiffs,

        v.

COUNTRYWIDE HOME LOANS, INC.

  Defendant

Case: 1:07 - cv - 01107 - PLF
Assigned To: Friedman, Paul
Magistrate Judge- JMF

### AFFIDAVIT OF JESSICA HANSEN

      I, Jessica Hansen, being sworn according to law, deposes and states as follows:

    1.    I am over the age of Eighteen (18) and competent to testify to the matters stated herein.

    2.    I, along with my husband Aaron Hansen ("Aaron"), entered into a Regional Sales Contract dated February 2, 2007 (hereinafter the "Contract") as purchasers, with Countrywide Home Loans, Inc. ("Countrywide") as the Seller, for property located at 521 Quintana Place, NW Washington, DC 20011 (hereinafter the "Property").

    3.    I, and my husband, executed the Sales Contract on February 21, 2007. Countrywide executed the Sales Contract on February 28, 2007.

    4.    Prior to the Contract , I had not any previous real estate experience, and I entered into the Contract hoping to become a first time home buyer, with my husband Aaron.

    5.    Aaron and I intended to purchase the property for personal household and family use, and relied upon representations in and outside of the Contract that Countrywide was the

owner of the Property and intended to sell the Property to my husband and I.

6.      Aaron and I relied upon representations in and outside of the Contract that Countrywide was the owner of the Property and intended to sell the Property to us.

7.      We also placed our faith and trust in Countrywide, as we believed Countrywide to be the owner of the Property, and we intended and contracted for Countrywide to act as the lender for our acquisition of the Property.

8.      Aaron and I also demonstrated our trust in and reliance on Countrywide by providing all manner of confidential information to Countrywide, including tax returns and credit information.

9.      Aaron and I executed the Contract with the sincere belief that Countrywide had represented that it owned the Property and intended to sell us the Property, and with the belief that we had remedies, beyond a mere return of our own money, in the event that Countrywide breached the Contract,

10.     After our execution of the Contract, and prior to any settlement on the Contract, Countrywide informed my husband and I that it could not sell the Property to us, because it had been sold to another entity, Litton.

11.     After executing the Contract, and before Countrywide refsued to perform, Aaron and I were ready, willing, and able to settle, pursuant to the terms of the Contract.

I solemnly affirm under penalties of perjury and upon personal knowledge that the

contents of the foregoing paper are true.

Jessica Hansen

**DISTRICT OF COLUMBIA) S/S**

I, __MAURA PAGANO__ , a Notary Public in and for the aforesaid District of Columbia, do hereby certify that Jessica Hansen, who is known to me as the party to and who executed the foregoing, personally appeared before me in said State and County and acknowledged the same to be his act and deed.

WITNESS my hand and official seal this _4th_ day of _JANUARY_ , 2008.

Notary Public

**My Commission Expires**

Maura Pagano
Notary Public, District of Columbia
My Commission Expires 2/29/2012

3

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**AARON HANSEN**

**and**

**JESSICA HANSEN**

      **Plaintiffs,**

          **v.**

**COUNTRYWIDE HOME LOANS, INC.**

  Defendant

Case: 1:07 - cv - 01107 - PLF
Assigned To: Friedman, Paul
Magistrate Judge- JMF

**<u>RULE 56(f) AFFIDAVIT OF AARON HANSEN</u>**

      I, Aaron Hansen, being sworn according to law, deposes and states as follows:

     1.     I am over the age of Eighteen (18) and competent to testify to the matters stated herein.

     2.     I am a Plaintiff in the captioned litigation.  I make this affidavit in support of Plaintiffs' Opposition to the Defendants Motion for Summary Judgment.

     3.     At issue in this litigation is a Regional Sales Contract dated February 2, 2007 (hereinafter the "Sales Contract") that I entered into along with Jessica Hansen as purchasers, with Countrywide Home Loans, Inc. ("Countrywide") as the Seller, for property located at 521 Quintana Place, NW Washington, DC 20011 (hereinafter the "Property").

     4.     Further at issue are the facts surrounding Countrywide's failure to close on the Contract and the refusal to sell the Property.

     5.     There are a number of disputed facts which are only within the knowledge of Countrywide at this time, and if discovered would properly permit me to oppose Countrywide's

Motion for Summary Judgment in this action.

6.    Without the discovery on these issues, neither I nor my attorneys can properly frame a response to Countrywide's Motion for Summary Judgment.

7.    Specifically discovery as to the following issues, would allow me to properly oppose the Motion for Summary Judgment, and would likely reveal further disputes of material fact in this action:

(1) When, if ever, Countrywide obtained title to the Property;
(2) Whether Countrywide ever had a colorable claim of title to the Property;
(3) If Countrywide ever had title to the Property, what event, if any, prevented Countrywide from retaining claim of title to the Property;
(4) Whether Countrywide, as an entity, was aware, at the time of contracting, that it did not have a colorable claim of title to the Property, or any claim of title to the Property:
(5) Whether Countrywide, as an entity, should have been aware, at the time of contracting, that it did not have a colorable claim of title to the Property, or any claim of title to the Property:
(6) How Countrywide learned of any alleged defect in title or other impairment on Countrywide's title to the Property, if any,
(7) Whether Countrywide sold the Property to another purchaser, as represented by representatives of Countrywide;
(8) Whether Countrywide, as the lender, had any duty to the Hansens to further investigate the proper title of Countrywide at the time of Contracting; and
(9) Whether Countrywide willfully failed to obtain title to the Property or failed for reasons within its own control.

8.    All nine of the issues listed in the above paragraph are solely within the knowledge of Countrywide at this time and are not a part of Countrywide's factual evidence in support of summary judgment.

I solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the foregoing paper are true.

Aaron Hansen

DISTRICT OF COLUMBIA) S/S

I, Maura Pagano _____, a Notary Public in and for the aforesaid District of Columbia, do hereby certify that Aaron Hansen, who is known to me as the party to and who executed the foregoing, personally appeared before me in said State and County and acknowledged the same to be his act and deed.

WITNESS my hand and official seal this 4th day of January _____, 2008.

Notary Public

My Commission Expires:

Maura Pagano
Notary Public, District of Columbia
My Commission Expires 2/29/2012

3

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON HANSEN | |
| and | |
| JESSICA HANSEN | |
| **Plaintiffs,** | Case: 1:07 - cv - 01107 - PLF |
| | Assigned To: Friedman, Paul |
| v. | Magistrate Judge- JMF |
| COUNTRYWIDE HOME LOANS, INC. | |
| Defendant | |

**PLAINTIFFS' STATEMENT OF MATERIAL
FACTS AS TO WHICH THERE IS A GENUINE DISPUTE**

There remains a genuine dispute as to the following material facts

1.      When, if ever, Countrywide Home Loans, Inc. ("Countrywide") obtained title to the property located at 521 Quintana Place, NW Washington, DC 20011 (hereinafter the "Property").  *See*, Rule 56(f) Affidavit of Aaron Hansen, attached to Plaintiffs' Memorandum of Points and Authorities in Opposition to Countrywide Home Loan Inc.'s Summary Judgment as Exhibit 2 (hereinafter "Rule 56(f) Affidavit") at ¶ 7, and see Countrywide's Answer, Motion for Summary Judgment, and Memorandum in support thereof, which fail to address this issue.

2.      Whether Countrywide ever had a colorable claim of title to the Property. *See*, Rule 56(f) Affidavit at ¶ 7, and see Countrywide's Answer, Motion for Summary Judgment, and Memorandum in support thereof, which fail to address this issue.

3.      If Countrywide ever had title to the Property, what event, if any, prevented

1

Countrywide from retaining claim of title to the Property. *See*, Rule 56(f) Affidavit at ¶ 7, and see Countrywide's Answer, Motion for Summary Judgment, and Memorandum in support thereof, which fail to address this issue.

4.      Whether Countrywide, as an entity, was aware, at the time of contracting, that it did not have a colorable claim of title to the Property, or any claim of title to the Property. *See*, Rule 56(f) Affidavit at at ¶ 7, and see Countrywide's Answer, Motion for Summary Judgment, and Memorandum in support thereof, which fail to address this issue.

5.      Whether Countrywide, as an entity, *should have been* aware, at the time of contracting, that it did not have a colorable claim of title to the Property, or any claim of title to the Property.  *See*, Rule 56(f) Affidavit at  ¶ 7, and see Countrywide's Answer, Motion for Summary Judgment, and Memorandum in support thereof, which fail to address this issue.

6.      How Countrywide learned of any alleged defect in title or other impairment on Countrywide's title to the Property, if any. *See*, Rule 56(f) Affidavit at ¶ 7, and see Countrywide's Answer, Motion for Summary Judgment, and Memorandum in support thereof, which fail to address this issue.

7.      Whether Countrywide sold the Property to another purchaser, as represented by representatives of Countrywide. *See*, Rule 56(f) Affidavit at  ¶ 7, and see Countrywide's Answer, Motion for Summary Judgment, and Memorandum in support thereof, which fail to address this issue.

8.      Whether Countrywide, as the lender, breached any duty to the Hansens to further investigate the proper title of Countrywide at the time of Contracting. *See*, Rule 56(f) Affidavit at ¶ 7, and see Countrywide's Answer, Motion for Summary Judgment, and Memorandum in

2

support thereof, which fail to address this issue.

9.      Whether Countrywide willfully failed to obtain title to the Property or failed for reasons within its own control. *See*, Rule 56(f) Affidavit at ¶ 7, and see Countrywide's Answer, Motion for Summary Judgment, and Memorandum in support thereof, which fail to address this issue.

                                              Respectfully submitted,


                                              _____/s/ Scott H. Rome_____
                                              /s/ Scott H. Rome
                                              Scott H. Rome, Esq. [D.C. Bar # 476677]
                                              LAW OFFICES OF ANDREW J. KLINE
                                              1225 19 th Street, NW, Suite 320
                                              Washington, D.C. 20036
                                              (202) 686-7600
                                              Attorneys for Plaintiffs


**CERTIFICATE OF SERVICE**

        I HEREBY CERTIFY that on this 9th Day of January 2008, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will send a notification of such filing to the following:


            Mark B. Bierbower
            Dianne M. Keppler
            HUNTON & WILLIAMS, LLP
            1900 K Street, N.W.
            Washington, D.C. 20006-1109
            (202) 955 - 15500


                                              _____/s/ Scott H.  Rome_____
                                              /s/ Scott H. Rome
                                              Scott H. Rome, Esq. [D.C. Bar # 476677]
                                              LAW OFFICES OF ANDREW J. KLINE
                                              1225 19 th Street, NW, Suite 320
                                              Washington, D.C. 20036

                                              3

(202) 686-7600
Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **AARON HANSEN** | |
| **and** | |
| **JESSICA HANSEN** | |
| **Plaintiffs,** | Case: 1:07 - cv - 01107 - PLF |
| | Assigned To: Friedman, Paul |
| **v.** | Magistrate Judge- JMF |
| **COUNTRYWIDE HOME LOANS, INC.** | |
| **Defendant.** | |

**ORDER DENYING DEFENDANT'S**
**CONSENT MOTION FOR SUMMARY JUDGMENT**

UPON CONSIDERATION OF the Defendant's Motion for Summary Judgment, and

Plaintiffs' Opposition thereto, it is thereupon, this _____ day of _____ 2008,

**ORDERED** that the Motion is **DENIED.**

_____
Judge for the United States District Court
for the District of Columbia

1

Copies to:

Scott H. Rome, Esq.
LAW OFFICES OF ANDREW J. KLINE
1225 Nineteenth Street, NW, Suite 320
Washington, DC 20036

Dianne M. Keppler
Mark B. Bierbower [D.C. Bar # 320861]
Dianne M. Keppler [D.C. Bar # 46580]
HUNTON & WILLIAMS, LLP
1900 K Street, N.W.
Washington, D.C. 20006-1109
(202) 955 - 1500
Attorneys for Defendant