IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON HANSEN<br><br>and<br><br>JESSICA HANSEN<br><br>    **Plaintiffs,**<br><br>v.<br><br>**COUNTRYWIDE HOME LOANS, INC.**<br><br>  Defendant | Case: 1:07 - cv - 01107 - PLF<br>Assigned To: Friedman, Paul<br>Magistrate Judge- JMF |

**PLAINTIFFS' MOTION TO STRIKE COUNTRYWIDE
HOME LOAN INC.'S REPLY MEMORANDUM IN FURTHER
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

    Plaintiffs Aaron and Jessica Hansen, by and through undersigned counsel, respectfully move this Court to strike "Countrywide Home Loans, Inc.'s Reply Memorandum in Further Support of Its Motion For Summary Judgment" (hereinafter the "Reply" or "Countrywide's Reply"), or in the alternative move for this Court to permit Plaintiffs to file a responsive pleading to the Reply, based upon the new evidence and new arguments asserted by Defendant Countrywide in its Reply, and in support thereof state as follows

    1.    Countrywide filed a Motion for Summary Judgment in this action, alleging that there are no disputes of material fact as to any of Plaintiff's three claims, and that Countrywide is entitled to judgment as a matter of law.

    2.    The Hansens filed an Opposition to that Motion for Summary Judgment citing a number of material items in genuine dispute, including 1) whether Countrywide acquired the

1

Property as represented in the Contract, and 2) the reasons for Countrywide's failure to close on the sale of the Property; neither of which were addressed nor pled as part of the motion for summary judgment.

3.  In addition to demonstrating disputes of several material facts, the Hansens' opposition to the Motion for Summary Judgment alleged that even if disputes of material facts are not apparent at this stage, discovery has not yet begun in this action, and the Hansens require discovery in order to properly oppose the motion for summary judgment in this action.  The Hansens supported this request with an Affidavit pursuant to Rule 56(f), demonstrating the specified reasons why the Hansens cannot present all facts essential to support an opposition, how all of the facts at issue are in the possession of Countrywide, and why discovery is required.

4.  Countrywide then filed its Reply, which apparently concedes that summary judgment is not appropriate based upon the facts and evidence included in Countrywide's initial Motion for Summary Judgment, and the issues raised in opposition, and instead attempts to supplement that original Motion for Summary Judgment with new evidence, new facts, and new arguments, all raised for the first time as part of the Reply.

5.  New evidence, new facts, and new arguments contained in a reply are *per se* improper, and are not appropriate grounds to support summary judgment before this Court.

6.  As demonstrated in the attached Statement of Points and Authorities, it is also "well accepted that raising of new issues and submission of new facts in [a] reply brief is improper." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir.1996), cert. denied, 522 U.S. 808, 118 S.Ct. 48, 139 L.Ed.2d 14 (1997). *See also generally, Payne v. Giant Food, Inc.*, 346 F.Supp.2d 15, 21 n. 4 (D.D.C.2004) *U.S. v. Wilson*, 240 F.3d 39, 45 (D.C. Cir.2001).

7.     Countrywide's Reply is based upon an Affidavit never previously submitted, as well as multiple other documents disclosed to the Hansens for the first time in the Reply, and Countrywide attempts to rely upon these documents to show that summary judgment is appropriate in this action.

8.     A reply brief is the last pleading contemplated by the rules of this Court, but if Plaintiffs had the opportunity to respond to the new evidence and argument of Countrywide, Plaintiffs would demonstrate that the new evidence shows that Countrywide did **not** own the Property at issue and never had the right to transfer the property, and therefore summary judgment in favor of Countrywide is entirely inappropriate.  This Court, however, should not require the Hansens to assert these arguments, as the new evidence contained in the Reply is not properly before this court.

9.     In fact, by submitting the Reply Brief consisting of new facts and evidence, Countrywide has essentially conceded that there are multiple disputes of material fact evident in Countrywide's Motion for Summary Judgment, and attempts to supplement with what is basically a second motion for summary judgment.  Therefore, this Court should strike the new facts contained in the Reply Brief and deny Countrywide's Motion for Summary Judgment.

10.     If this Court does not determine that striking the Reply is appropriate, then Plaintiffs must be given the opportunity to respond to the new evidence therein, as "[w]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond." *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir.1990).

WHEREFORE, for these reasons, and **as further explained in the attached Statement of Points and Authorities** in Support of Plaintiffs' Motion to Strike Countrywide Home Loan Inc.'s Reply, Plaintiffs Jessica and Aaron Hansen hereby respectfully request that this Court strike the Reply filed by Countrywide, or, in the alternative, grant Plaintiff's the opportunity to file a responsive pleading to Countrywide's Reply.

Respectfully submitted,

_/s/ Scott H. Rome_
/s/ Scott H. Rome
Scott H. Rome, Esq. [D.C. Bar # 476677]
LAW OFFICES OF ANDREW J. KLINE
1225 19 th Street, NW, Suite 320
Washington, D.C. 20036
(202) 686-7600
Attorney for Plaintiffs

**LCvR 7(m) Statement**

Pursuant to Local Rule of Civil Procedure 7(m), before filing this motion, undersigned counsel contacted counsel for Defendant, on January 29, 2008, in an effort to determine whether there is any opposition to the relief sought. Counsel for Defendant, Dianne Keppler, stated that Defendant did not consent to the relief sought herein.

_/s/ Scott H. Rome_
/s/ Scott H. Rome

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 29th Day of January 2008, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will send a notification of such filing to the following:

    Mark B. Bierbower
    Dianne M. Keppler
    HUNTON & WILLIAMS, LLP
    1900 K Street, N.W.
    Washington, D.C. 20006-1109
    (202) 955 - 15500

                                                    /s/ Scott H. Rome
                                    /s/ Scott H. Rome
                                    Scott H. Rome, Esq. [D.C. Bar # 476677]
                                    LAW OFFICES OF ANDREW J. KLINE
                                    1225 19 th Street, NW, Suite 320
                                    Washington, D.C. 20036
                                    (202) 686-7600
                                    Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON HANSEN<br><br>and<br><br>JESSICA HANSEN<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC.<br><br>Defendant. | Case: 1:07 - cv - 01107 - PLF<br>Assigned To: Friedman, Paul<br>Magistrate Judge- JMF |

ORDER GRANTING PLAINTIFFS'
CONSENT MOTION TO STRIKE

UPON CONSIDERATION OF "PLAINTIFFS' MOTION TO STRIKE COUNTRYWIDE HOME LOAN INC.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT," it is thereupon, this ____ day of _____ 2008,

**ORDERED** that the Motion is **GRANTED**; and it is further

**ORDERED** Defendant's "Countrywide Home Loans, Inc.'s Reply Memorandum in Further Support of Its Motion For Summary Judgment" is hereby stricken from the record in this action, and may form no basis for this Court's decision on Defendant's Motion for Summary Judgment.

                                                                                                                            _____

                                                               Judge for the United States District Court
                                                               for the District of Columbia

copies to:

Scott H. Rome, Esq.
LAW OFFICES OF ANDREW J. KLINE
1225 Nineteenth Street, NW, Suite 320
Washington, DC 20036

Dianne M. Keppler
Mark B. Bierbower [D.C. Bar # 320861]
Dianne M. Keppler [D.C. Bar # 46580]
HUNTON & WILLIAMS, LLP
1900 K Street, N.W.
Washington, D.C. 20006-1109
(202) 955 - 1500
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON HANSEN<br><br>and<br><br>JESSICA HANSEN<br><br>  Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC.<br><br>  Defendant | Case: 1:07 - cv - 01107 - PLF<br>Assigned To: Friedman, Paul<br>Magistrate Judge- JMF |

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION TO STRIKE COUNTRYWIDE HOME LOAN INC.'S
REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS
<u>MOTION FOR SUMMARY JUDGMENT</u>**

**I. <u>BACKGROUND AND INTRODUCTION</u>**

Plaintiffs Aaron and Jessica Hansen ("the Hansens"), by and through undersigned counsel, hereby submit this statement of points and authorities in support of the "Motion to Strike Countrywide Home Loan Inc.'s Reply Memorandum in Further Support of its Motion for Summary Judgment" (the "Reply" or "Countrywide's Reply") and request that this Court strike the reply brief filed by Countrywide in this action or, in the alternative, permit Plaintiffs the opportunity to respond to the new facts, new evidence, and new argument contained in Countrywide's Reply.

Defendant, Countrywide Home Loan Inc. ("Countrywide"), filed a Motion for Summary Judgment in this action, alleging that there is no dispute of material fact as to any of Plaintiff's three claims, and that Countrywide is entitled to judgment as a matter of law. Specifically,

Countrywide's Motion for Summary Judgment alleges that although there is a provision of the Contract stating that "Seller has acquired the Property through foreclosure," and the Contract purports to sell the Property from Countrywide to the Hansens, that the Contract also contains a number of disclaimers providing that an eventual defect in Countrywide's title to the Property may arise. Countrywide relies upon these disclaimers to assert that when Countrywide failed to go to closing that it did not breach the contract, make any misrepresentations, or violate the Consumer Protection Act, due to the disclaimer warning of possible defects in title. Furthermore, Countrywide acknowledges that the Plaintiffs Complaint alleges that Countrywide failed to disclose in the Contract or Addendum that Countrywide did not possess title to the Property, and that Countrywide knew or should have known that it could not convey any benefits under the Contract, but argues that the disclaimer language also relieves Countrywide from any liability on these representations.

 Countrywide's Motion for Summary Judgment, however, contained no supporting documents, evidence, or even allegations that Countrywide owned the property at the time of contracting, that any defect in title ever arose that would trigger the disclaimer provisions of the Contract relied upon by Countrywide, or that Countrywide should not have known at the time of contracting that it did not have clear title, or any title, to the property.  Accordingly, the Hansens opposed the Motion for Summary Judgment by demonstrating that these essential facts, as well as a number of others, remained in genuine dispute. (For example, if Countrywide never "acquired" the Property as represented in the Contract, no "defect in title" ever arose, or if a "defect in title" was apparent from the date of contracting, then Countrywide certainly would not be entitled to judgment as a matter of law).

Countrywide, apparently recognizing these deficiencies in its Motion for Summary Judgment, then filed its Reply, and attached new documents and asserted other evidence attempting to demonstrate that despite Plaintiffs' opposition, no genuine dispute of material facts exists. Putting aside the fact that this new evidence only raises additional disputes of fact that make summary judgment inappropriate (such as the admission that Countrywide never acquired title to the Property and never even acquired title to the Property on behalf of another entity), this new evidence and argument is wholly improper as part of a reply brief, and is entitled to be given no weight or consideration in deciding the Motion for Summary Judgment. Under the law, a reply that rests upon new evidence and facts should be stricken, and if this Court does wish to consider the all of the new facts, evidence, and argument included in the Reply, Plaintiffs must be given an opportunity to respond.

## II. ARGUMENT

### A. Standard

Federal Courts have consistently held that "[w]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir.1996), cert. denied, 522 U.S. 808, 118 S.Ct. 48, 139 L.Ed.2d 14 (1997) *citing*, *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir.1990). It is also "well accepted that raising of new issues and submission of new facts in [a] reply brief is improper." *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 682 (S.D.Cal.1999) *citing Provenz v. Miller*, 102 F.3d. at 1483. As demonstrated below, there is no dispute that Countrywide improperly attempts to raise new facts, evidence, and argument in its Reply, and thus the Reply is improper and should be stricken. If the

Reply is not stricken, Plaintiffs must be given an opportunity to respond. *See, Black,* 900 F.2d at 116 ("Where new evidence is presented in a reply to a motion for summary judgment, the district court **should not consider** the new evidence without giving the movant an opportunity to respond"); *see also, El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040-41 (9th Cir.2003) (indicating that the court may consider new issues raised on reply if it gives the opposition an opportunity to respond).

Judicial commentators have also noted that "[i]t is improper for the moving party to 'shift gears' and introduce new facts or different legal arguments in the reply brief than [those that were] presented in the moving papers." William W. Schwarzer, A. Wallace Tashima, and James M. Wagstaffe, FEDERAL CIVIL PROCEDURE BEFORE TRIAL, § 12:107 (The Rutter Group 2005). For this reason, Courts have discretion to decline to consider new facts or arguments raised in a reply. *See, Daghlian v. DeVry University, Inc.*, 461 F.Supp.2d 1121 (C.D. Cal., 2006), *citing, Stump v. Gates*, 211 F.3d 527, 533 (10th Cir.2000) ("This court does not ordinarily review issues raised for the first time in a reply brief.... The reasons are obvious. It robs the appellee of the opportunity to demonstrate that the record does not support an appellant's factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result"). Additionally, Courts that have permitted non-movants, faced with new facts in a reply brief, the opportunity to take discovery and depose a declarant prior a ruling on summary judgment. *See, Green v. Baca*, 219 F.R.D. 485, 487 n. 1 (C.D.Cal.2003).

The District of Columbia Circuit also refuses to accept new facts, evidence, or argument that is raised for the first time in a reply brief. *See, United States v. Wilson*, 240 F.3d 39, 45 (D.C. Cir.2001) (facts raised for the first time in a reply come "too late" to meet the movant's burden).

In fact, Courts of this Circuit have stated that a party must raise all arguments in its opening brief to prevent "sandbagging" of the opposing party, and to permit the opposing part a chance to respond. *See*, *Corson & Gruman Co. v. NLRB*, 283 U.S.App. D.C. 239, 899 F.2d 47, 50 (D.C. Cir.1990). As noted in the argument below, Countrywide has similarly attempted to sandbag the Plaintiffs by introducing evidence and argument only after Plaintiffs have opposed the Motion for Summary Judgment, and after any opportunity to respond has passed, and this Court should not consider this new evidence and argument. .

   **B.**  **The argument contained in Countrywide's Reply relies entirely on new facts and new evidence, and should be stricken**

In its Reply, Countrywide asserts, for the first time, that: "[t]here are only two fact questions relevant to whether the Court can rule on Countrywide's motion as a matter of law (1) did Countrywide have authority to sell the Property to the Hansens, and (2) did a title defect prevent Countrywide from going to closing" See, Reply at p. 1-2. It is especially telling that Countrywide attempts to address these two issues with facts and evidence *only* contained in Countrywide's Reply. Countrywide's Motion for Summary Judgment contained no allegation of whether Countrywide ever owned the property at issue, had the authority to sell the Property, or even why Countrywide failed to go to closing on the Property. In essence, Countrywide recognized that these material disputes of fact, and missing facts, identified by the Hansens in the Opposition would defeat any claim for summary judgment, and Countrywide then attempted to attach new evidence on both of these issues to its Reply Brief, for the first time, and to get a second bite at the apple.[1] Regardless of whether these new facts support or hinder Countrywide's

---

[1] Furthermore, although Countrywide posits that the answer to both questions is "yes", the new documentary evidence provided by Countrywide for the first time reveals that the answer is

argument, they are not properly before this Court, as they are raised only in the Reply.

There can be no dispute that the evidenced attached to Countrywide's Reply was never submitted to this Court previously. As support for the very first argument in Countrywide's Reply, Countrywide admittedly seeks to introduce the new Affidavit of a new witness, Patricia Rubel, which was not attached to the Motion for Summary Judgment. Through this Affidavit, Countrywide curiously asserts that it was "the authorized loan servicer for the Property and was the attorney in fact of the loan's owner, FV-1, a Morgan Stanley entity." *See*, Reply at p. 2, citing newly attached Affidavit of Patricia Rubel. As with the Affidavit of another Countrywide employee attached to the Motion for Summary Judgment, there are many issues with the Rubel Affidavit, and many arguments as to why Countrywide is not entitled to summary judgment based only on this affidavit, and more importantly, however, because this Affidavit, and the documents attached thereto as Exhibits, were only introduced as part of the Reply, the Plaintiffs have no opportunity to rebut the facts or evidence contained therein.

This pattern of attempting to answer the two new, and allegedly only material, questions of fact asserted by Countrywide as the central questions, by introducing new evidence in the reply brief, continues throughout the remainder of Countrywide's Reply. As its next argument, Countrywide asserts, again for the first time, that "Countrywide as the loan servicer for FV-1, foreclosed on the Property" and that "an issue with respect to the foreclosure itself made the Property's title imperfect." Countrywide attempts to rely again on the new Rubel Affidavit to support these claims. If given an opportunity to respond, Plaintiffs would assert that even if this

---

"no" on both counts, as Countrywide was never authorized to sell, never had the Property, and therefore no "defect" in title later arose that affected Countrywide's title.

6

affidavit is accurate, it does not address the fact that Countrywide knew or should have known of its non-ownership, non-authority, and any alleged "title defects" at the time of contract, but once again, Plaintiffs have no opportunity to respond, and this evidence is improper.

      **C.**     **Countrywide's Reply is an admission that the Motion for Summary Judgment did not entitle Countrywide to judgment as a matter of law**

In further recognition that its Motion for Summary Judgment lacked the crucial facts and evidence to demonstrate a lack of a dispute of material fact or entitle Countrywide to judgment as a matter of law, Countrywide attempts to include even more new evidence beyond the Affidavit, in the form of a "Notice of Foreclosure," and a "Deed of Appointment of Substitute Trustee," as Exhibits E and F to the Reply. Again, these are two more documents that were never before made available to the Plaintiffs, and not referenced in Countrywide's Motion for Summary Judgment. Furthermore, Countrywide's Reply cites to a second title problem, for the first time, and then relies only upon this same new Rubel Affidavit, and yet another new piece of documentary evidence – an "email from Nate Parks dated April 12, 2007", as support. *See* Reply at p. 4. This email is now the fifth item of new evidence relied upon in the Reply without any prior reference to these documents, or the information contained therein, in the Motion for Summary Judgment. Countrywide also relies upon the new Affidavit of Rubel as support for its arguments regarding the sale of the Property to Litton, another topic not even addressed in the Motion for Summary Judgment. This document dump of new evidence, prior to any discovery in this action, by itself demonstrates that Countrywide is not entitled to judgment as a matter of law based on its prior Motion, and demonstrates that if the Reply or the new evidence is stricken, this Court has no basis to grant the Motion for Summary Judgment.

7

**D.    Countrywide's reply is also improper as a response to the Hansens request for discovery and the Hansens Affidavit pursuant to Rule 56(f)**

In addition to asserting that Countrywide's Motion did not demonstrate that the facts are undisputed and Countrywide was not entitled to judgment as a matter of law, Plaintiffs also opposed Countrywide's Motion for Summary Judgment by attaching an Affidavit pursuant to Rule 56(f) and asserting that further discovery is required in order to determine all of the disputed facts at issue in this action and properly oppose summary judgment.  The Rule 56(f) Affidavit and the argument further demonstrated that all facts at issue are known only to Countrywide, and this argument is supported by Countrywide's Reply, which attempts to now bring in selected new facts in Reply to the Hansen's Opposition.  For all the reasons contained in the Opposition, discovery remains necessary in this action, and Countrywide's Reply is not an appropriate response to the need for discovery.

By attaching a half dozen new exhibits, including an Affidavit consisting of new testimony and evidence, Countrywide has apparently conceded that discovery is required beyond the facts attached to Countrywide's Motion, in order to properly responding to the summary judgment motion.  Instead of conceding that this discovery is required, however Countrywide's Reply instead attempts to presume exactly which documents and evidence the Hansens would request and discover if discovery were permitted.  Countrywide attempts to cherry-pick the facts and evidence of its choosing, to include these selected facts in a Reply to which Plaintiffs have no opportunity to respond, and then Countrywide asserts that these facts are incontrovertible.

This is an improper response to an affidavit regarding the need for discovery under Rule 56(f).  Countrywide could have either denied that discovery is required in order for Plaintiffs to

show a dispute of material facts based on the arguments and facts already presented, or demonstrated how there are no new facts that could be discovered that would affect its rights to summary judgment. What Countrywide has instead argued, however, is that further discovery is required to uncover what has actually occurred, and whether summary judgment is appropriate, and then presumed to attach all documents and information that it believes the Plaintiffs would uncover if Plaintiffs conduct such discovery. Such a response, including the attachment of another affidavit of a separate Countrywide employee, without permitting Plaintiffs an opportunity to depose that employee, is not proper, and especially improper as part of a final reply brief.

  Any impropriety of Countrywide's response to the Rule 56(f) affidavit is made further apparent by examining Countrywide's reply to the third claim – negligent misrepresentation. Plaintiffs' opposition to Countrywide's motion for summary judgment states that the motion failed to set forth any reason for the failure to close, and that these failures to disclose could amount to negligent misrepresentation. Countrywide apparently agrees that such information was never previously disclosed, but then asserts new evidence, arguing that "[t]he Hansens, on the other hand, have failed to present even a scintilla of evidence in support of their allegations that Countrywide made any misrepresentation about title to the Property. Therefore the undisputed facts show that Countrywide's actions did not constitute negligent misrepresentation." *See*, Reply at p. 12. Such a response is especially egregious in light of Plaintiffs' allegations that all of the relevant information is solely within the knowledge of Countrywide, and that discovery is required to support these claims of misrepresentation. Obviously, the Hansens have not presented evidence that is contrary to the new evidence

9

presented for the first time on reply, and evidence that is only available to Countrywide prior to discovery. This argument simply makes it further clear that if this Court does not strike the Reply Brief, it must permit the Hansens to conduct discovery and then oppose the new facts contained in Countrywide's Reply. Countrywide has, in effect, attempted to file an un-contestable second motion for summary judgment.

      E.    **Disputes of material fact still exist and if this Court does not strike Countrywide's reply, then Plaintiffs are entitled to an opportunity to respond**

Finally, even considering the new facts attached to Countrywide's Reply, there remains significant disputes of material facts, and if given the opportunity to respond, the Hansens would be able to detail many facts that not only preclude summary judgment on behalf of Countrywide, but that entitle the Hansens to summary judgment on their claims of negligent misrepresentation and violation of the Consumer Protection Act. Principally, the new allegations as to Countrywide's non-ownership or authorization to sell the Property to the Hansens at the time of Contract, and the fact that no entity represented by Countrywide ever had the authority to convey the Property, defeat Countrywide's motion for summary judgment. The Reply states for the first time, only that Countrywide was "the authorized loan servicer for the Property and was the attorney in fact of the loan's owner, FV-1, a Morgan Stanley entity." *See*, Reply at p. 2. Based upon this information, and the representations in the Contract that Countrywide acquired the Property and was contracting to sell it to the Hansens, it appears from the new facts, that the *Hansens* are entitled to judgment as a matter of law.

Moreover, if the Hansens are permitted to respond, they will demonstrate that Countrywide can no longer contest that it was not aware or should not have been aware of

10

defects in title at the time of contracting. The facts contained in Countrywide's Reply give ample evidence that Countrywide either knew or should have known of title problems before ever entering into a contract with the Hansens. The new facts contained in Countrywide's Reply acknowledge that Countrywide "as the loan servicer" never obtained proper title for the Property for FV-1 (p.2), that Countrywide listed the wrong party on the Notice of Foreclosure (p.3), that Countrywide created a chain of title problem while servicing the loan (p.3), that Countrywide improperly failed file the Deed of Appointment of Substitute Trustee until after the foreclosure (p.3), that Countrywide did not alert the purchasers to the problems with the Deed because it "expected that issue to be resolved so that the sale would still close" (p.3); that title was invalid ever since the original foreclosure notice (p.4); and that title was never insurable (p.4). Countrywide was acting as the seller and the lender on this transaction, and these new facts from the Reply make it clear that Countrywide violated the consumer protection act and made material misrepresentations as to the ownership or ability to sell the Property. In failing to state material facts such as the title issues with the property, representing that the property had a source, sponsorship, approval, and benefit that it did not have, and by making the unenforceable contract. Countrywide cannot avoid liability in reliance on an eventual "defect in title" if Countrywide was aware or should have been aware of title problems from the date of contracting. Furthermore, as Countrywide's Reply appears to acknowledge, the damage restrictions of the Contract are not applicable to the claims on the Consumer Protection Act or for negligent misrepresentation. Therefore, if this Court accepts Countrywide's Reply and permits Plaintiffs to respond, the response will detail all of these material facts that prevent summary judgment in favor of Countrywide and which entitle the **Hansens** to summary judgment on two of the three

claims at issue.

## III.   CONCLUSION

For all of the foregoing reasons, this Court should strike "Countrywide Home Loans, Inc.'s Reply Memorandum in Further Support of Its Motion For Summary Judgment" or in the alternative, permit Plaintiffs to file a responsive pleading.

                              Respectfully submitted,

                              _____/s/ Scott H. Rome_____
/s/ Scott H. Rome
Scott H. Rome, Esq. [D.C. Bar # 476677]
LAW OFFICES OF ANDREW J. KLINE
1225 19 th Street, NW, Suite 320
Washington, D.C. 20036
(202) 686-7600
Attorney for Plaintiffs