IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AARON HANSEN and | ) | |
| | ) | |
| JESSICA HANSEN, | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Civil Action No.:** |
| | ) | **1:07-cv-01107 PLF - JMF** |
| | ) | |
| COUNTRYWIDE HOME LOANS, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE
## COUNTRYWIDE HOME LOAN INC.'S REPLY MEMORANDUM

### I. INTRODUCTION

Defendant Countrywide Home Loans, Inc. ("Countrywide"), by counsel and pursuant to

the Local Rule of Civil Procedure 7(b), submits this Memorandum of Points and Authorities in

Opposition to Plaintiffs' Motion to Strike. Plaintiffs Aaron Hansen and Jessica Hansen

(collectively the "Hansens") filed their Motion to Strike ("Motion") in response to

Countrywide's Reply to the Hansens' Opposition to Countrywide's Motion for Summary

Judgment ("Reply"). Countrywide opposes the Hansens' Motion for the following reasons.

This dispute arises from an unrealized sale of a foreclosure property located at 521

Quintana Place, N.W., Washington, D.C. 20011 ("Property"). When the sale of the Property did

not close, the Hansens filed suit seeking monetary and equitable relief under the District of

Columbia Consumer Protection Procedures Act, specific performance under a claim of breach of

contract, and monetary relief under a claim of negligent misrepresentation. In response, Countrywide filed its Motion for Summary Judgment, in which it argued that there is no dispute of material fact as to any of the Hansens' three claims and Countrywide is entitled to judgment as a matter of law. In support of its motion, Countrywide pointed to clear language in the Addendum to the Contract for the sale of the Property. The Addendum plainly sets forth (1) that should Countrywide be unable to deliver title to the Property for any reason, the Hansens' sole remedy is to recover their deposit, and (2) that the Hansens waive the right to seek any other legal or equitable remedy, including specific performance or claims for negligence.

The Hansens filed an Opposition to Countrywide's Motion for Summary Judgment ("Opposition"), arguing that Countrywide failed to present sufficient evidence to show that a defect in title triggered the disclaimer provisions of the Contract. They also argue that Countrywide failed to demonstrate that it did not know or should not have known, at the time of contracting, that it did not have title to the Property. In support of this contention, the Hansens submitted a Rule 56(f) affidavit propounding a statement of genuine issues. Therefore, they claimed, summary judgment was inappropriate.

Countrywide filed the Reply in response to the Hansens' Opposition, addressing the issues raised in their Opposition. The legal arguments presented in Countrywide's Reply mirrored those in its opening summary judgment brief. Countrywide replied that the Hansens contractually limited their legal recourse in the event a defect in title arose with the Property. It stated that a defect in title, of which it had been previously unaware, arose with the Property. Finally, Countrywide argued the Hansens are not legally entitled to the remedies sought in their lawsuit. The Reply included an affidavit and several documents directly responding to the Hansens' statement of genuine issues.

2

The Hansens then filed the instant Motion, arguing that the Court should strike Countrywide's Reply because it contains facts not present in the Motion for Summary Judgment. In the alternative, the Hansens ask the Court for leave to file a surreply to Countrywide's Reply. Although the Hansens' counsel requested consent to a motion to strike Countrywide's reply brief before filing the Motion (which consent Countrywide declined to provide), counsel did not request Countrywide's consent to file a surreply. As is set forth in Section D below, if the Court grants the Hansens' Motion, the Court may grant leave for the Hansens to file a surreply.

## II. ARGUMENT

### A.    Supplementation of the Record in a Reply Brief is Permitted in Response to a Non-Movant's Statement of Genuine Issues.

The Court has held that its Local Rules do not prevent submissions to supplement the record in a reply brief in response to a statement of genuine issues. In *Baloch v. Norton*, 517 F. Supp. 2d 345, 349 (D.D.C. 2007), the Court considered a case where the plaintiff non-movant on a summary judgment motion filed a motion to strike the defendant's reply. Though the exact contents of the reply brief are not articulated in the Court's opinion, it is clear that the defendant had added new evidence, to which the Court noted, "the rules do not prohibit submissions to supplement the record in a reply brief." *Id.* The Court then observed that "while the Local Rules do not contemplate [the submission to supplement the record in response to a statement of genuine issues], they also do not prohibit it." *Id.* Therefore, the Court permitted the submission and denied the plaintiff's motion. *Id.*

Other jurisdictions have also held that a reply brief can contain facts not presented in the original motion if they are intended to respond to arguments raised in the opposition to the motion. In *Beck v. Univ. of Wisconsin Bd. of Regents*, 75 F.3d 1130, 1134 (7th Cir. 1996), the Seventh Circuit determined that a district court properly considered an affidavit attached to a

3

reply brief because "it was submitted in response to [the plaintiff's] arguments in her summary judgment response . . . which were there raised for the first time." *Id.* It then stated, "[w]here the reply affidavit merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party *new reasons* for the entry of summary judgment, reply papers -- both briefs and affidavits -- may properly address those issues." *Id.* (internal citations and quotations omitted) (emphasis added).

The Court's approach also finds support in decisions by other district courts. *See, e.g.,* *Toure v. Cent. Parking Sys. of New York*, 2007 WL 2872455, at *2 (S.D.N.Y. 2007) (denying a motion to strike when the "disputed materials do not raise new arguments, but rather respond to issues raised in opposition or amplify points already made on the initial motion"); *Doebele v. Sprint Corp.*, 168 F. Supp. 2d 1247, 1254 (D.Kan. 2001) (explicitly adopting language from *Beck*); *Elizabethtown Water Co. v. Hartford Cas. Ins. Co.*, 998 F. Supp. 447, 458 (D.N.J. 1998) (denying a motion to strike from a reply brief an argument that "properly responded to [plaintiff's] argument and factual recitation of . . . negotiations"); *Velcro Indus. B.V. v. Taiwan Paiho Ltd.*, 2005 WL 2739089, at *8 (D.N.H. 2005) (denying a motion to strike because the defendant's reply brief "[did] not, in fact, make new arguments that were not raised in its opening summary judgment brief"); *U.S. v. Ziegler Bolt and Parts Co.*, 1995 WL 13448, at *26 (CIT 1995) (denying a motion to strike because the "plaintiff's reply brief and supplemental appendix properly respond[ed] to the issues and arguments raised in defendant's papers").

**B.    Countrywide's Reply Did Not Contain Any New Legal Arguments.**

Countrywide's Reply did not present any new legal arguments, and the Hansens have not alleged as such. In fact, other than the exhibits attached to Countrywide's Reply, the only statement to which the Hansens appear to object is Countrywide's statement that there are "only

two fact questions relevant to whether the Court can rule on Countrywide's motion as a matter of law: (1) did Countrywide have authority to sell the Property to the Hansens, and (2) did a title defect prevent Countrywide from going to closing?" *See* Motion at 5 (quoting from Reply at 1-2). This statement, however, does not present a legal argument of any sort. Rather, it is simply Countrywide's summary of the only real fact questions in the case, which questions Countrywide answered in its Reply, and no amount of discovery will alter. Indeed, the Hansens concede that these questions do not raise any new legal arguments, referring to them as "the two new, and allegedly only material, *questions of fact*." *See* Motion at 6 (emphasis added).

**C.    Countrywide Included New Evidence in its Reply to Respond to the Hansens' Statement of Genuine Issues.**

Countrywide included new evidence in its Reply in direct response to the statement of genuine issues in the Hansens' Rule 56(f) affidavit. The Hansens' Opposition argued that summary judgment was not appropriate because of the existence of disputed facts. In their affidavit, the Hansens presented nine of these allegedly disputed facts:

> (1)    When, if ever, Countrywide obtained title to the Property;
>
> (2)    Whether Countrywide ever had a colorable claim of title to the Property;
>
> (3)    If Countrywide ever had title to the Property, what event, if any, prevented Countrywide from retaining claim of title to the Property;
>
> (4)    Whether Countrywide, as an entity, was aware, at the time of contracting, that it did not have a colorable claim of title to the Property, or any claim of title to the Property;
>
> (5)    Whether Countrywide, as an entity, should have been aware, at the time of contracting, that it did not have a colorable claim of title to the Property, or any claim of title to the Property;
>
> (6)    How Countrywide learned of any alleged defect in title or other impairment on Countrywide's title to the Property, if any;

5

(7)     Whether Countrywide sold the Property to another
purchaser, as represented by representatives of Countrywide;

(8)     Whether Countrywide, as the lender, had any duty to the
Hansens to further investigate the proper title of Countrywide at
the time of contracting; and

(9)     Whether Countrywide willfully failed to obtain title to the
Property or failed for reasons within its own control.

Opp. Br. at 16; Rule 56(f) Aff. of Aaron Hansen ¶ 7.  The evidence presented in Countrywide's

Reply addressed each of these concerns.

As set forth in the Reply, "the affidavits and documents before the Court explain that

Countrywide was authorized to sell the Property; why it was unable to transfer title to the

Hansens; when it discovered the defect in title; the fact that the Property was not transferred to a

third party prior to closing; that Countrywide was unaware of the title defect at the time of

contracting; and that Countrywide did not willfully or for reasons within its own control fail to

secure marketable title." *See* Reply at 6.  Further, "the . . . Notice of Foreclosure and Deed of

Appointment of Substitute Trustee demonstrate the issue with title." *Id.*

Countrywide did not suggest any other purpose for its submission of the new evidence

and did not include the evidence in support of any new legal argument.  Rather, Countrywide

supplemented the record before the Court in response to the Hansens' statement of genuine

issues.  As such, the evidence is allowed by the Court's own precedent. *See Baloch*, 517 F.

Supp. 2d at 349.

**D.     If the Court Believes a Response to Countrywide's Reply Evidence is Appropriate,
the Hansens May be Granted Leave to File a Surreply.**

If the Court determines that the Hansens should have an opportunity to respond to the

evidence in Countrywide's Reply, then it may grant leave to allow the Hansens to file a surreply.

Whether to grant or deny either a motion to strike or leave to file a surreply "is committed to the

6

sound discretion of the court." *Baloch*, 517 F. Supp. 2d at 349. "The standard for granting a leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). The Court "routinely grants such motions when a party is unable to contest [such] matters . . . in the last scheduled pleading." *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (C.A.D.C. 2003) (internal quotations omitted). Further, the Court "is loathe to strike a brief, especially when the better course is to grant the request for leave to file a surreply, so that a complete record may be considered." *U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 35 (D.D.C. 2007).

The Court's approach in *Hockett* is particularly noteworthy. There it determined that the summary judgment movant's argument "shifted slightly between the [motion and the reply brief], such that a new argument seem[ed] to have emerged." *Id.* The Hansens only claim that Countrywide improperly introduced new evidence. In *Hockett*, the Court denied the motion to strike the reply brief and, instead, granted leave to file a surreply.

### III. CONCLUSION

In response to arguments raised in the Hansens' Opposition to the Motion for Summary Judgment, Countrywide properly included additional facts in its Reply. Its submission of such facts is expressly permitted by *Baloch*. The Hansens' Motion should therefore be denied. However, if the Court determines there is any surprise or need by the Hansens to respond to the Reply, the Court may grant leave for the Hansens to file a surreply.

Respectfully submitted,

Countrywide Home Loans, Inc.


By_____/s/_____
                Counsel


Mark B. Bierbower (D.C. Bar #320861)
Dianne M. Keppler (D.C. Bar #468580)
HUNTON & WILLIAMS, LLP
1900 K Street, N.W.
Washington, D.C.  20006-1109
(202) 955-1500
(202) 778-2201 (fax)
*Counsel for Defendant Countrywide Home Loans, Inc.*

8

## CERTIFICATE OF SERVICE

I certify that on this 13th day of February 2008, I electronically served the foregoing and

the attached proposed Order with the Clerk of the Court using the CM/ECF system, which will

send a notification of such filing to the following:

> Andrew J. Kline, Esq.
> Scott H. Rome, Esq.
> LAW OFFICES OF ANDREW J. KLINE
> 1225 19th Street, N.W.,
> Washington, D.C.  20036
> *Counsel for Plaintiffs*

/s/

> Mark B. Bierbower (D.C. Bar #320861)
> Dianne M. Keppler (D.C. Bar #468580)
> HUNTON & WILLIAMS, LLP
> 1900 K Street, N.W.
> Washington, D.C.  20006-1109
> (202) 955-1500
> (202) 778-2201 (fax)

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AARON HANSEN and** )<br>)<br>**JESSICA HANSEN,** )<br>)<br>)<br>      **Plaintiffs,** )<br>)<br>**v.** )<br>)<br>)<br>**COUNTRYWIDE HOME LOANS, INC.,** )<br>)<br>)<br>)<br>      **Defendant.** ) | **Civil Action No.:**<br>**1:07-cv-01107 PLF - JMF** |

### ORDER DENYING PLAINTIFFS' MOTION TO STRIKE
### COUNTRYWIDE HOME LOAN INC.'S REPLY MEMORANDUM

Upon consideration of Plaintiffs' Motion to Strike Countrywide Home Loan Inc.'s Reply

Memorandum, Defendant Countrywide Home Loan, Inc.'s Memorandum of Points and

Authorities in Opposition to Plaintiffs' Motion to Strike, and the record before the Court, it is

hereby:

ORDERED that Plaintiffs' motion is denied.


Dated _____


_____
PAUL L. FRIEDMAN
United States District Judge

**PERSONS TO BE SERVED**

Mark B. Bierbower
Dianne M. Keppler
HUNTON & WILLIAMS, LLP
1900 K Street, N.W.
Washington, D.C. 20006-1109
(202) 955-1500
(202) 778-2201 (fax)
*Counsel for Defendant Countrywide Home Loans, Inc.*

Scott H. Rome
Andrew J. Kline
LAW OFFICES OF ANDREW J. KLINE
1225 19th Street, N.W.
Washington, D.C. 20036
(202) 686-7600
(202) 293-3130 (fax)
*Counsel for Plaintiffs Aaron and Jessica Hansen*