IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON HANSEN<br><br>and<br><br>JESSICA HANSEN<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC.<br><br>  Defendant | Case: 1:07 - cv - 01107 - PLF<br>Assigned To: Friedman, Paul<br>Magistrate Judge- JMF |

**PLAINTIFFS' REPLY TO THE MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

　　Countrywide opposed the Hansens' Motion to Strike Countrywide's Reply to the Opposition to the Summary Judgment Motion, despite the fact that the Reply consisted of new facts, evidence, and argument.  As opposed to challenging or attempting to distinguish the numerous cases holding that new evidence and argument is improper as part of a Reply, Countrywide's Opposition, merely relies upon a case noting that this Court does not prohibit "submissions to supplement the record in a reply brief."  *See*, Countrywide's Opposition at p. 3, citing *Baloch v. Norton*.  Countrywide's Reply, however, goes far beyond any attempt to "supplement the record."  The Reply does not highlight a few crucial facts or items of evidence inadvertently left out of the Motion for Summary Judgment, but instead asserts pages of new evidence, facts, and arguments.  The Hansens met their burden in demonstrating material facts precluding summary judgment, and this Court should not permit Countrywide, through a Reply, to take a second bite at the same apple, especially prior to the commencement of discovery.

1

Countrywide also cites a Seventh Circuit case for the proposition that a court may consider new items included in a reply, if the items are submitted in response to matters raised for the first time in a response.  The Opposition to Countrywide's Summary Judgment Motion, however, did not raise any *new items*, but merely pointed out the items willfully omitted, and still at issue, in Countrywide's Motion for Summary Judgment.  The fact that the Hansens were unaware whether Countrywide ever held title, is not the type of "new item" that permits Countrywide to construct new arguments with new evidence as to why it is not liable.   Pointing out that Countrywide's Motion failed to address these facts does not permit Countrywide to construct a new argument with new evidence in support of a new theory of Summary Judgment.

Next, Countrywide alleges that the Reply did not present any new *arguments*, as Countrywide acknowledges that new arguments are not proper in a Reply.  The Reply, however, does contain numerous new arguments.  For example, the original motion for summary judgment did not assert the argument that Countrywide, as merely a loan servicer, is not liable for failing to close, as the original motion contained no argument that Countrywide was merely a servicer and not the property owner, despite representation in the Contract to the contrary. Countrywide's reply, for the first time, asserts that Countrywide was merely a loan servicer, and the argument based upon this fact is only first set forth in the Reply.  This is one of many "new arguments" that are improper in a reply, and Countrywide never even suggests that new "arguments" are proper.

Finally, Countrywide argues that the Hansens may be granted leave to file a surreply, and therefore the Reply is appropriate.  The new evidence, facts, and argument in Countrywide's Reply however, should not place the burden on the Hansens to respond to what is essentially a new Motion for summary judgment. A surreply would not change the fact that Countrywide

2

seeks to have its Reply stand as a second motion for summary judgment.  Moreover, the final sections of the Hansens' Motion to Strike demonstrate that even considering the new evidence and argument, many disputes of material fact still prevent Countrywide from entitlement to judgment as a matter of law.   Therefore, whether the Motion to Strike is granted or denied, this Court requires nothing further to deny the Motion for Summary Judgment.

    For all of the foregoing reasons, this Court should grant the Hansens' Motion to Strike Countrywide's Reply, and deny Countrywide's Motion for Summary Judgment.

                                      Respectfully submitted,

                                          /s/ Scott H. Rome
                                      /s/ Scott H. Rome
                                      Scott H. Rome, Esq. [D.C. Bar # 476677]
                                      LAW OFFICES OF ANDREW J. KLINE
                                      1225 19 th Street, NW, Suite 320
                                      Washington, D.C. 20036
                                      (202) 686-7600
                                      Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 20th Day of February 2008, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will send a notification of such filing to the following:

     Mark B. Bierbower
     Dianne M. Keppler
     HUNTON & WILLIAMS, LLP
     1900 K Street, N.W.
     Washington, D.C. 20006-1109
     (202) 955 - 15500

                      /s/ Scott H. Rome
                      /s/ Scott H. Rome
                      Scott H. Rome, Esq. [D.C. Bar # 476677]
                      LAW OFFICES OF ANDREW J. KLINE
                      1225 19 th Street, NW, Suite 320
                      Washington, D.C. 20036
                      (202) 686-7600
                      Attorney for Plaintiffs